Tina Wolfson, SBN 174806
*twolfson@ahdootwolfson.com*
Robert Ahdoot, SBN 172098
*rahdoot@ahdootwolfson.com*
**AHDOOT & WOLFSON, PC**
1016 Palm Avenue
West Hollywood, California 90069
Tel: (310) 474-9111; Fax: (310) 474-8585

Michael A. Galpern*
*mgalpern@lockslaw.com*
Andrew P. Bell*
*abell@lockslaw.com*
James A. Barry*
*jbarry@lockslaw.com*
**LOCKS LAW FIRM, LLC**
801 North Kings Highway
Cherry Hill, New Jersey 08034
Tel: (856) 663-8200; Fax: (856) 661-8400
* admitted *pro hac vice*

*Counsel for Plaintiff and the Proposed Class*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| DIPAK BHUTA, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>  v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>     Defendant. | Case No. 8:15-cv-01592-AG-DFM<br><br>**NOTICE OF MOTION AND MOTION FOR CONSOLIDATION AND APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: December 7, 2015<br>Time: 10:00 a.m.<br>Courtroom: 10D<br><br>The Hon. Andrew J. Guilford<br><br>(filed October 2, 2015) |

This document also relates to:

| | |
|---|---|
| COLIN RYAN, *et al.*, | Case No. 8:15-cv-01595-JVS-DFM |
| Plaintiffs, | |
| v. | The Hon. James V. Selna |
| EXPERIAN HOLDINGS, INC., *et al.*, | (filed Oct. 5, 2015) |
| Defendants. | |

| | |
|---|---|
| JESUS FRANCO, | Case No. 8:15-cv-01598-AG-KES |
| Plaintiff, | |
| v. | The Hon. Andrew J. Guilford |
| EXPERIAN INFORMATION SOLUTIONS, INC., *et al.*, | (filed Oct. 5, 2015) |
| Defendants. | |

| | |
|---|---|
| JESSICA LUNA, | Case No. 8:15-cv-01603-JLS-KES |
| Plaintiff, | |
| v. | The Hon. Josephine L. Staton |
| EXPERIAN INFORMATION SOLUTIONS, INC., | (filed Oct. 6, 2015) |
| Defendant. | |

| | |
|---|---|
| MARSHALL OHRING, | Case No. 8:15-cv-01612-JLS-JCG |
| Plaintiff, | |
| v. | The Hon. Josephine L Staton |
| EXPERIAN INFORMATION SOLUTIONS, INC., | (filed Oct. 7, 2015) |
| Defendant. | |

| | |
|---|---|
| MICHAEL G. BRAUTIGAM, | Case No. 8:15-cv-01616-JLS-JCG |
| Plaintiff, | |
| v. | The Hon. Josephine L. Staton |
| EXPERIAN HOLDINGS, INC., | (filed Oct. 7, 2015) |
| Defendant. | |

MOTION FOR CONSOLIDATION AND APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL

| | | |
|---|---|---|
| 1 | JENNIFER LEITNER, | Case No. 8:15-cv-01620-JLS-KES |
| |                 Plaintiff, | |
| 2 |    v. | The Hon. Josephine L. Staton |
| 3 | EXPERIAN  INFORMATION SOLUTIONS , | (filed Oct. 8, 2015) |
| | INC., *et al.*, | |
| 4 |                 Defendants. | |
| 5 | | |
| | ALISON COCHRAN, *et al.*, | Case No. 8:15-cv-01659-CJC-DFM |
| 6 |                 Plaintiffs, | |
| 7 |    v. | The Hon. Cormac J. Carney |
| 8 | EXPERIAN  INFORMATION SOLUTIONS , | (filed Oct. 15, 2015) |
| | INC., | |
| 9 |                 Defendant. | |
| 10 | DAVID CIANO, *et al.*, | Case No. 8:15-cv-01683-JLS-KES |
| |                 Plaintiffs, | |
| 11 |    v. | The Hon. Josephine L. Staton |
| 12 | EXPERIAN  INFORMATION SOLUTIONS, | (filed Oct. 20, 2015) |
| | INC., | |
| 13 |                 Defendant. | |
| 14 | | |
| 15 | STUART ZIMMELMAN, | Case No. 8:15-cv-01694-JLS-KES |
| |                 Plaintiff, | |
| 16 |    v. | The Hon. Josephine L. Staton |
| 17 | EXPERIAN  HOLDINGS, INC., *et al.*, | (filed Oct. 20, 2015) |
| |                 Defendants. | |
| 18 | | |
| 19 | RICHARD IMMERMAN, | Case No. 8:15-cv-01715-GW-DFM |
| |                 Plaintiff, | |
| 20 |    v. | The Hon. George H. Wu |
| 21 | EXPERIAN  INFORMATION SOLUTIONS, | (filed Oct. 22, 2015) |
| | INC., | |
| 22 |                 Defendant. | |
| 23 | | |
| 24 | JOSHUA GONZALEZ, | Case No. 8:15-cv-01721-JLS-KES |
| |                 Plaintiff, | |
| 25 |    v. | The Hon. Josephine L. Staton |
| 26 | EXPERIAN  HOLDINGS, INC., | (filed Oct. 23, 2015) |
| |                 Defendant. | |
| 27 | | |
| 28 | | |

**MOTION FOR CONSOLIDATION AND APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL**

| | | |
|---|---|---|
| 1 | OANH NGUYEN, | Case No. 8:15-cv-01722-CAS-KES |
| 2 |                   Plaintiff,<br>    v. | The Hon. Christina A. Snyder |
| 3 | EXPERIAN  HOLDINGS, INC., *et al.*, | (filed Oct. 23, 2015) |
| 4 |                 Defendants. | |

OANH NGUYEN,
                    Plaintiff,
        v.

EXPERIAN  HOLDINGS, INC., *et al.*,
                    Defendants.

Case No. 8:15-cv-01722-CAS-KES

The Hon. Christina A. Snyder

(filed Oct. 23, 2015)

---

FRANCISCO OJEDA,
                    Plaintiff,
        v.

EXPERIAN  INFORMATION SOLUTIONS ,
INC.,
                    Defendant.

Case No. 8:15-cv-01723-DMG-JCG

The Hon. Dolly M. Gee

(transferred from N.D. Cal. Oct. 23, 2015)

---

MARTHA SCHROEDER,
                    Plaintiff,
        v.

EXPERIAN  INFORMATION SOLUTIONS,
INC.,
                    Defendant.

Case No. 8:15-cv-01729-DMG-KES

The Hon. Dolly M. Gee

(filed Oct. 26, 2015)

---

ALAN LEVY,
                    Plaintiff,
        v.

EXPERIAN  INFORMATION SOLUTIONS,
INC.,
                    Defendant.

Case No. 8:15-cv-01734-SVW-DFM

The Hon. Stephen V. Wilson

(filed Oct. 27, 2015)

---

JAMAL DAVIS, *et al.*,
                    Plaintiffs,
        v.

EXPERIAN  HOLDINGS, INC.,
                    Defendant.

Case No. 8:15-cv-01748-PA-KES

The Hon. Percy Anderson

(transferred from S.D. Cal. Oct. 28, 2015)

---

RALPH DELEDONNE, JR.,
                    Plaintiff,
        v.

EXPERIAN HOLDINGS, INC., *et al.*,
                    Defendants.

Case No. 8:15-cv-01763-JAK-AJW

The Hon. John A. Kronstadt

(filed Oct. 29, 2015)

iv

| | | |
|---|---|---|
| 1 | GWENDOLYN CRUMP,<br><div align="center">Plaintiff,</div> | Case No. 8:15-cv-08463-SVW-AS |
| 2 | v. | The Hon. Stephen V. Wilson |
| 3 | EXPERIAN  INFORMATION SOLUTIONS, | (filed Oct. 29, 2015) |
| 4 | INC., *et al.*,<br><div align="center">Defendants.</div> | |
| 5 | | |
| 6 | ELLEEN BRAZZLE, *et al.*,<br><div align="center">Plaintiffs,</div> | Case No. 8:15-cv-01779-JLS-DFM |
| 7 | v. | The Hon.  Josephine L. Staton |
| 8 | EXPERIAN  INFORMATION SOLUTIONS,<br>INC., | (filed Oct. 31, 2015) |
| 9 | <div align="center">Defendant.</div> | |
| 10 | FABIO ACOSTA,<br><div align="center">Plaintiff,</div> | Case No. TBD |
| 11 | v. | Assignment TBD |
| 12 | EXPERIAN INFORMATION SOLUTIONS, | (transferred from S.D. Fla. Nov. 2, 2015) |
| 13 | INC., *et al.*,<br><div align="center">Defendants.</div> | |
| 14 | | |
| 15 | STEPHEN ALLEN, *et al.*,<br><div align="center">Plaintiffs,</div> | Case No. 8:15-cv-01803-CJC-KES |
| 16 | v. | The Hon. Cormac J. Carney |
| 17 | EXPERIAN HOLDINGS, INC., *et al.*, | (filed Nov. 5, 2015) |
| 18 | <div align="center">Defendants.</div> | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

**MOTION FOR CONSOLIDATION AND APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on December 7, 2015, at 10:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Andrew J. Guilford in Courtroom 10D of the above entitled Court located at 751 W. Santa Ana Blvd., Santa Ana, CA 92701, Plaintiff Dipak Bhuta will and hereby does move for an order:

(1)     Consolidating, for all purposes, the above related cases pursuant to Federal Rule of Civil Procedure 42; and

(2)     Appointing the law firms of Ahdoot & Wolfson, PC and Robinson Calcagnie Robinson Shapiro Davis, Inc. as interim co-lead class counsel pursuant to Federal Rule of Civil Procedure 23(g).

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Tina Wolfson ("Wolfson Dec."), the Declaration of Daniel S. Robinson, the [Proposed] Order, all documents on file in the above-referenced matters, the arguments presented by counsel at the requested hearing, and any other matter the Court wishes to consider.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on November 4, 2015.  Plaintiff's counsel Tina Wolfson, discussed the matter with John Vogt, representing Defendant.  Defendant does not oppose this motion.  (Wolfson Dec. ¶ 4.)

Dated: November 5, 2015                    Respectfully submitted,

                                           /s/ Tina Wolfson
                                           Tina Wolfson

                                           AHDOOT & WOLFSON, PC
                                           1016 Palm Avenue
                                           West Hollywood, California 90069
                                           Tel: (310) 474-9111; Fax: (310) 474-8585

                                           *Counsel for Plaintiff Bhuta and the Proposed Class*

**MOTION FOR CONSOLIDATION AND APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL**

1

## TABLE OF CONTENTS

2   I.   FACTUAL AND PROCEDURAL BACKGROUND ........................................................ 2

3   II.  ARGUMENT .................................................................................................................. 3

4        A.  The Court Should Consolidate These Related Cases ........................................... 3

5        B.  Appointment of Interim Class Counsel Is Necessary to the Successful Management of This

6            Litigation .............................................................................................................. 5

7        C.  The Court Should Appoint Ahdoot & Wolfson, PC ("AW") and Robinson Calcagnie Robinson

8            Shapiro Davis, Inc. ("RCRSD") as Interim Co-Lead Class Counsel .................. 5

9            1.  AW and RCRSD Have Both Done Significant Work Identifying and Investigating Potential

10               Claims in This Action ................................................................................ 6

11           2.  AW and RCRSD Each Have Decades of Experience Prosecuting Class Actions and

12               Complex Cases Generally, and Privacy Related Cases in Particular ....................... 7

13               a.  Ahdoot & Wolfson, PC ................................................................. 7

14               b.  Robinson Calcagnie Robinson Shapiro Davis, Inc .......................... 9

15           3.  AW and RCRSD Will Commit Significant Resources to Representing the Putative

16               Class ...................................................................................................... 11

17           4.  AW and RCRSD Have Agreed on Protocols to Ensure that the Case Is Litigated in a Speedy

18               and Efficient Manner ............................................................................... 12

     III.  CONCLUSION .................................................................................................................. 13

19

20

21

22

23

24

25

26

27

28

**MOTION FOR CONSOLIDATION AND APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL**

# TABLE OF AUTHORITIES

**Cases**

*Clapper v. Amnesty Intern. USA*, 133 S.Ct. 1138 (2013) ...............................................................8

*In re Equity Funding Corp. of Am. Sec. Litig.*, 416 F. Supp. 161 (C.D. Cal. 1976)..................................4

*In re Hain Celestial Seasonings Products Consumer Litig.*, No. 8:13-cv-01757-AG-AN, Dkt No. 21 (C.D. Cal. Feb. 14, 2014) (Guilford, J.)................................................................6

*Investors Research Co. v. U.S. District Court for Cent. Dist.*, 877 F.2d 777 (9th Cir. 1989) .................3

*Kamakahi v. Am. Soc. for Reprod. Med.*, No. 11-cv-01781-SBA, 2012 WL 892163 (N.D. Cal. Mar. 14, 2012) ...............................................................3, 4, 5, 6

*Kaminske v. JP Morgan Chase Bank N.A.*, No. 09-cv-00918-JVS, 2011 WL 521338 (C.D. Cal. Jan. 3, 2011) ...............................................................5, 6

*Levitte v. Google, Inc.*, No. 08-cv-03369-JW, 2009 WL 482252 (N.D. Cal. Feb. 25, 2009)...................6

*Parkinson v. Hyundai Motor Am.*, No. 06-cv-00345-AHS-MLG, 2006 WL 2289801 (C.D. Cal. Aug. 7, 2006) ...............................................................5

*Remijas v. Neiman Marcus Group, LLC*, 794 F.3d 688 (7th Cir. 2015)........................................8

*Takeda v. Turbodyne Technologies, Inc.*, 67 F. Supp. 2d 1129 (C.D. Cal. 1999) ................................4

*Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049 (N.D. Cal. 2010) ........................................3

**Statutes**

15 U.S.C. § 1681a ...............................................................1

Cal. Bus. & Prof. Code § 17200 ...............................................................3

Cal. Civ. Code § 1798.80 ...............................................................3

N.J.S.A. 56:8-1, *et seq.* ...............................................................3

N.J.S.A. 56:8-161 ...............................................................3

**Other Authorities**

MANUAL FOR COMPLEX LITIGATION (FOURTH) (2004)........................................5

**Rules**

Fed. R. Civ. P. 23, Advisory Committee Notes (2003) ........................................5

**MOTION FOR CONSOLIDATION AND APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL**

Fed. R. Civ. P. 23(g)(l)(B) ........................................................................................ 6

Federal Rule of Civil Procedure 23(g)(3) ................................................................ 5

Federal Rule of Civil Procedure 42 ...................................................................... 2, 3

Local Rule 23-3 ........................................................................................................ 3

**Treatises**

Schwarzer, et al., CALIFORNIA PRACTICE GUIDE: FEDERAL CIVIL PROCEDURE BEFORE TRIAL (Rutter

    Group 2010) .......................................................................................................... 3

**MOTION FOR CONSOLIDATION AND APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL**

## MEMORANDUM OF POINTS AND AUTHORITIES

The 22 above-captioned actions, all pending in the Central District of California, each assert the same or similar sets of claims, against the same Defendants, based upon the same set of underlying facts: namely, a data breach, first announced on October 1, 2015, in which unauthorized users acquired the personally identifiable information of approximately 15 million consumers.  The actions all allege that Experian Information Solutions, Inc. and related entities violated the Fair Credit Reporting Act, 15 U.S.C. § 1681a (the "FCRA"), many include claims under state consumer protection statutes, and many include common-law claims based on negligence and breach of contract.

On October 9, 2015, Plaintiff Bhuta filed a motion to transfer the nine then-filed related actions to the Central District of California for consolidated pretrial proceedings with the Judicial Panel on Multidistrict Litigation (the "JMPL").[1]  At the time, seven cases had been filed in the Central District of California, and two outside of this District.  There are now 22 related cases pending in the Central District, and virtually all cases that were not originally filed in here have been transferred or are awaiting court approval for transfer to the Central District by stipulation of the parties.[2]  Additionally, all parties who have filed a response to Bhuta's motion to transfer with the JPML have supported consolidation in the Central District of California. (Declaration of Tina Wolfson ("Wolfson Dec.") ¶ 3.)  Furthermore, counsel for at least half of the 22 cases pending in the Central District have confirmed that they do not oppose consolidation of the cases pursuant to Federal Rule of Civil Procedure ("Rule") 42.  (Wolfson Dec. ¶ 5.)

Given that there are now 22 related cases pending in this District, the Actions have common questions of law and fact and allege the same or similar claims on behalf of the same putative classes, the vast majority of the parties support consolidation in the Central District, and the JPML will not

---

[1] Declaration of Tina Wolfson ("Wolfson Dec.") ¶ 3.

[2] As of the date of this filing, counsel filing this motion are aware of only four cases pending outside of the Central District of California, two of which are awaiting transfer to the Central District.  *Barbashov, et al. v. Experian Information Solutions, Inc.*, No. 1:15-cv-08943 (N.D. Ill. filed Oct. 8, 2015) (joint transfer motion to C.D. Cal. granted Oct. 30, 2015); *Wicklund, et al. v. Experian Information Solutions, Inc.*, No. 3:15-cv-01109 (S.D. Ill. filed Oct. 8, 2015) (joint transfer motion to C.D. Cal. pending); *Cohen v. Experian N. Am., Inc.*, No. 15-cv-09738 (N.D. Ill. filed Oct. 30, 2015); *Yoo v. Experian Information Solutions, Inc.*, No. 15-cv-09787 (N.D. Ill. filed Nov. 2, 2015).  In addition, *Acosta v. Experian Information Solutions, Inc., et al.*, No. 0:15-cv-62099 (S.D. Fla. filed Oct. 6, 2015) has been transferred to the Central District but not yet assigned.

1   hear the motion for transfer and consolidation until January 2016, at the earliest, it is appropriate for

2   the Court to consolidate the actions pending in this District under Rule 42, and to appoint interim lead

3   counsel under Rule 23(g)(3), so that the cases may be litigated effectively and efficiently without

4   further delay.  If the Court grants the Motion, Plaintiff Bhuta will be inclined to dismiss his Motion for

5   Transfer with the JPML and Plaintiffs can focus on litigating the merits of the case.  Even if the Multi-

6   District Litigation ("MDL") proceedings go forward, appointment of interim lead class counsel is

7   necessary to protect the putative class members' interests immediately by, for instance, allowing

8   Plaintiffs and Class members to seek entry of a preservation order, an order governing electronically

9   stored information, and a protective order, so that Class members are not prejudiced prior to the JPML

10  making its decision.  Further, appointment of interim lead class counsel will allow Plaintiffs to meet

11  and confer with Defendants in a singular voice to explore what else can be accomplished prior to the

12  JPML hearing.

13      Plaintiff Bhuta proposes that the Court appoint Ahdoot & Wolfson, PC ("AW") and Robinson

14  Calcagnie Robinson Shapiro Davis, Inc. ("RCRSD") as interim co-lead class counsel.  These firms

15  have extensive experience handling complex class actions, including actions involving data breaches

16  affecting large numbers of individuals like this one.  Both firms also have expended a significant

17  amount of time and effort litigating the case to date, are familiar with the issues, and are able and

18  willing to work cooperatively in a manner that best represents the interests of the putative plaintiff

19  class.  Moreover, each firm has the resources necessary, and has agreed to commit sufficient resources,

20  to prosecute this action zealously.

21  **I.      FACTUAL AND PROCEDURAL BACKGROUND**

22      Plaintiff Bhuta signed up for cellular phone service through T-Mobile in or about December

23  2014.  Unbeknownst to Mr. Bhuta, personally identifiable information ("PII") related to his application

24  for cellular phone service and financing agreement was passed on to Defendant Experian Information

25  Solutions, Inc. ("Defendant").  On October 2, 2015 Mr. Bhuta was notified of the fact that Defendant

26  had suffered a breach in which unauthorized users obtained the PII (including names, addresses, birth

27  dates, social security numbers, drivers license numbers, and passport numbers) for some fifteen million

28  people who, like Mr. Bhuta, had applied for service with T-Mobile during the past two years.

2

1    Plaintiff Bhuta asserts claims for negligence, breach of implied contract, unjust enrichment,

2    intentional and negligent violations of the FCRA, violations of the California Unfair Competition Law,

3    Cal. Bus. & Prof. Code § 17200, *et seq.* (the "UCL"), violation of the California Data Breach Law,

4    Cal. Civ. Code § 1798.80, *et seq.*, violations of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1,

5    *et seq.*, and violation of the New Jersey Data Breach Act, N.J.S.A. 56:8-161, *et seq.*

6    The parties have filed a stipulation to extend the time for Defendant to respond (Dkt. No. 21)

7    and the Court has granted the parties' stipulation to vacate the class certification deadline pursuant to

8    Local Rule 23-3 (Dkt No. 24).

9    The caption to this Motion sets forth pertinent information regarding the related cases including

10   their titles, numbers, and dates of filing or, where applicable, dates of transfer.  Defendant has not filed

11   a responsive pleading in any of the related cases.

12   **II.    ARGUMENT**

13        **A.    The Court Should Consolidate These Related Cases.**

14   Rule 42(a) provides that if actions before the Court involve a common question of law or fact,

15   the Court may:

16        (1)    join for hearing or trial any or all matters at issue in the actions;

17        (2)    consolidate the actions; or

18        (3)    issue any other orders to avoid unnecessary cost or delay.

19   In determining whether to consolidate cases, the court should "weigh the interest of judicial

20   convenience against the potential for delay, confusion and prejudice."  *Kamakahi v. Am. Soc. for*

21   *Reprod. Med.*, No. 11-cv-01781-SBA, 2012 WL 892163, at *1 (N.D. Cal. Mar. 14, 2012) (citing *Zhu v.*

22   *UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1052 (N.D. Cal. 2010)).  Courts have "broad discretion

23   under this rule to consolidate cases pending in the same district," and will not be reversed absent clear

24   error.  *Investors Research Co. v. U.S. District Court for Cent. Dist.*, 877 F.2d 777 (9th Cir. 1989); *see*

25   *also* Schwarzer, et al., CALIFORNIA PRACTICE GUIDE: FEDERAL CIVIL PROCEDURE BEFORE TRIAL §

26   16:151 (Rutter Group 2010).

27   Class actions are particularly well suited for consolidation because it expedites pretrial

28   proceedings, reduces case duplication, avoids confusion, and minimizes the expenditure of time and

money for all parties involved.  *See Kamakahi*, 2012 WL 892163, at *2 ("The Court finds that consolidation will serve the interests of efficiency and judicial economy."); *Takeda v. Turbodyne Technologies, Inc.*, 67 F. Supp. 2d 1129, 1133 (C.D. Cal. 1999) ("Absent class members will best be served by consolidation because they will have just one case to monitor as it proceeds through litigation."); *In re Equity Funding Corp. of Am. Sec. Litig.*, 416 F. Supp. 161, 176 (C.D. Cal. 1976) ("[A]rgument and consideration of class action issues has been made considerably easier by the consolidated complaint, because the court has not had to go through varying and conflicting class allegations that may have been stated in each separate complaint.").

Here, the 22 pending actions involve substantially similar factual and legal issues.  First and foremost, Plaintiffs' claims in all actions are based upon the same underlying data breach.  The procedures, policies, and infrastructure Defendants used to secure consumers' PII, and the actions and events that led to the acquisition of consumers' PII by unauthorized users, will be central factual issues in each of the actions.

Likewise, Plaintiffs in each action allege the same or similar claims: violations of the FCRA, state consumer-protection laws, and common law claims.  All of the actions also seek certification of nationwide classes for the alleged FCRA violations and common-law claims.  Whether Defendants' conduct violated the FCRA, common law, and other state law, as well as which claims can be tried on a class-wide basis, are questions common to all actions.

Consolidation will also promote judicial economy by streamlining case management, discovery, and dispositive motion proceedings, and will reduce confusion or delay.  Absent class members will benefit from consolidation because they will have only one case to monitor.  Similarly, the parties and the Court will benefit from consolidation by reference to a single set of pleadings, motions, written discovery, produced documents, and deposition transcripts.  Accordingly, "[c]onsolidating these cases for all purposes will be the most efficient solution for the court, and will ease the litigation burden on all parties involved."  *Takeda*, 67 F. Supp. 2d at 1133.

Consolidation of the actions is appropriate given the common issues of law and fact, and the simplification of discovery, pretrial motion practice, class certification issues, and other case management issues.

**B.    Appointment of Interim Class Counsel Is Necessary to the Successful Management of This Litigation.**

Rule 23(g)(3) provides that a "court may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action."  Courts have relied on the Advisory Committee Notes accompanying the rule to hold that interim counsel should be appointed when necessary to protect the interests of the putative class.  *See, e.g.*, *Parkinson v. Hyundai Motor Am.*, No. 06-cv-00345-AHS-MLG, 2006 WL 2289801, at *2 (C.D. Cal. Aug. 7, 2006) (quoting Rule 23, Advisory Committee Notes (2003)).  Further, the Notes recognize "that in many cases the need to progress toward the certification determination may require designation of interim counsel."  Rule 23, Advisory Committee Notes (2003).  In fact, the Manual for Complex Litigation recommends the appointment of interim class counsel pursuant to Rule 23(g) as one of the key organizational tools a district court has.  *See* Manual for Complex Litigation (Fourth) §10.22 (2004) ("Complex litigation often involves numerous parties with common or similar interests but separate counsel. . . . Instituting special procedures for coordination of counsel early in the litigation will help to avoid these problems."); *Id.* § 21.11 ("[A] number of lawyers may compete for class counsel appointment.  In such cases, designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement.").

Given the fact that 22 actions are already pending in this district in which Plaintiffs seek to bring class-action claims, appointment of interim lead class counsel is appropriate.  *See, e.g.*, *Kamakahi*, 2012 WL 892163, at *2 (consolidating two cases and appointing interim lead counsel); *Kaminske v. JP Morgan Chase Bank N.A.*, No. 09-cv-00918-JVS, 2011 WL 521338, at *1 (C.D. Cal. Jan. 3, 2011) (consolidating three cases and appointing interim lead counsel).

**C.    The Court Should Appoint Ahdoot & Wolfson, PC ("AW") and Robinson Calcagnie Robinson Shapiro Davis, Inc. ("RCRSD") as Interim Co-Lead Class Counsel.**

Courts must consider the following factors when appointing lead counsel:

**MOTION FOR CONSOLIDATION AND APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL**

(i)     the work counsel has done in identifying or investigating potential claims in the action;

(ii)    counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

(iii)   counsel's knowledge of the applicable law; and

(iv)   the resources that counsel will commit to representing the class.

Rule 23(g)(l)(A); *see also Kamakahi*, 2012 WL 892163, at *2; *Kaminske*, 2011 WL 521338, at *2; *Levitte v. Google, Inc.*, No. 08-cv-03369-JW, 2009 WL 482252, at *2 (N.D. Cal. Feb. 25, 2009).

This Court previously applied this analysis to appoint AW as co-lead class counsel. *In re Hain Celestial Seasonings Products Consumer Litig.*, No. 8:13-cv-01757-AG-AN, Dkt No. 21 (C.D. Cal. Feb. 14, 2014) (Guilford, J.) (appointing AW interim co-lead class counsel). The Court also may "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Rule 23(g)(l)(B).

The Court should designate AW and RCRSD as interim co-lead class counsel. Each firm is experienced in complex class-action litigation of this type, including data breach class-actions, is knowledgeable with respect to the applicable law, and each firm has the resources necessary to zealously, efficiently, and competently litigate this matter in the best interests of the putative class members. Likewise, several experienced attorneys from other prominent law firms have agreed to support AW and RCRSD's motion for appointment as interim co-lead class counsel, and agreed to assist with the prosecution of this action. AW and RCRSD will propose a small number of these firms to serve as members of Plaintiffs' executive committee prior to the hearing on this Motion.

**1.    AW and RCRSD Have Both Done Significant Work Identifying and Investigating Potential Claims in This Action.**

Before and since filing *Bhuta* (the first filed of all the related actions, represented by AW), *Cochran* (in which AW also represents Plaintiffs), *Ryan* (represented by RCRSD), and *Allen* (same), AW and RCRSD investigated claims that have been or could be asserted on behalf of Plaintiffs in these actions. AW and RCRSD attorneys reviewed news, press releases, and consumer contracts including those with T-Mobile. These attorneys have researched the available factual data and the law

1   to determine the most viable claims to assert on behalf of the putative class.

2       AW and RCRSD attorneys met and conferred with other Plaintiffs' counsel, most of whom

3   agreed to transfer their cases to this District if they were not already here, and many of whom support

4   this motion.  AW and RCRSD attorneys also met and conferred with Defense counsel about deadlines,

5   the MDL petition, this Motion, and procedural aspects of these cases.

6       On behalf of Plaintiff Bhuta, AW filed the motion to transfer before the JPML, and AW has

7   been spearheading Plaintiffs' efforts in that arena.   While many attorneys with impressive

8   qualifications represent Plaintiffs in one or more of the related actions at issue, AW and RCRSD

9   represent an ideal choice to act as interim co-lead class counsel.

10          **2.     AW and RCRSD Each Have Decades of Experience Prosecuting Class
11               Actions and Complex Cases Generally, and Privacy Related Cases in
                Particular.**

12          **a.     Ahdoot & Wolfson, PC**

13

14      AW is an eight-attorney firm founded in 1998.  The vast majority of its practice is plaintiffs'

15  class action litigation.  As a founding member, Ms. Wolfson has been appointed class counsel in

16  numerous class actions, and has obtained extensive experience in prosecuting complex class action and

17  representative lawsuits.  Her vast complex and class action litigation experience is outlined in her

18  *curriculum vitae*, which is attached to her concurrently filed declaration as Exhibit A.  For the sake of

19  brevity, only data breach and related privacy-focused experience is mentioned here.

20      Ms. Wolfson is imminently qualified to serve as interim co-lead class counsel in this action,

21  having almost two decades of prosecuting complex cases and class actions.  She is particularly suited

22  for this case because of her considerable experience in privacy-related class actions.  Ms. Wolfson has

23  been prosecuting e-privacy cases on behalf of consumer classes since the late 1990s, before the term

24  "big data" became part of the everyday vernacular.  She was among the first group of attorneys who

25  successfully litigated the privacy rights of millions of consumers against major financial institutions

26  based on the compilation and sale of detailed financial data to third party telemarketers without their

27  consent.  While such practices later became the subject of Graham Leach Bliley Act regulation, they

28  were cutting edge law at the time Ms. Wolfson was successfully prosecuting them.  Since then, Ms.

1  Wolfson has prosecuted numerous class actions involving consumer privacy rights, including data

2  breach class actions involving medical privacy rights, gaining invaluable experience critically

3  important to prosecuting this case.

4         Ms. Wolfson not only understands the law that will govern this case, but has been instrumental

5  in shaping it.  For instance, in *Remijas v. Neiman Marcus Group, LLC*, 794 F.3d 688 (7th Cir. 2015),

6  AW and Ms. Wolfson successfully appealed a trial court order granting a motion to dismiss based on

7  lack of Article III standing.  The Seventh Circuit's groundbreaking opinion was the first appellate

8  decision to consider the issue of Article III standing in data breach cases since, and in light of, the

9  Supreme Court's decision in *Clapper v. Amnesty Intern. USA*, 133 S. Ct. 1138 (2013).  The defense bar

10 has aggressively advocated that *Clapper* set a more rigorous standard for Article III standing inquiries

11 than previously existed and that, in light of that decision, data breach cases generally lack standing

12 unless the plaintiffs could show that they suffered unreimbursed fraudulent charges.  As a result of

13 AW's successful appeal, the Seventh Circuit adopted the plaintiffs' reasoning, rejected this narrow

14 view of *Clapper*, and established that data breach victims have standing to pursue claims based on the

15 increased risk of identity theft and fraud, even before that theft or fraud materializes.  Since that

16 decision was handed down, numerous courts have followed its reasoning, and consumers injured in

17 such breaches now have legal recourse that many courts previously denied to them.

18        Ms. Wolfson and AW also were instrumental to the consumer plaintiffs' efforts in the *Target*

19 data breach litigation, where AW contributed considerable effort to vetting hundreds of potential class

20 representatives in a streamlined and efficient manner, responding to discovery requests and defending

21 depositions, legal research, and the consolidated complaint, among other projects.  *In re: Target*

22 *Corporation Customer Data Security Breach Litigation*, Case No. 14-md-2522 (D. Minn.).  Ms.

23 Wolfson also currently serves, by court appointment, on the Consumer Plaintiffs' Steering Committee

24 in *The Home Depot, Inc., Customer Data Security Breach Litigation*, Case No. 14-md-2583 (N.D.

25 Ga.).  She is also serving, by court appointment, on the Plaintiffs' Executive Leadership Committee in

26 the current MDL action entitled *In re: Premera Blue Cross Customer Data Security Breach Litigation*,

27 Case No. 3:15-md-02633-SI (D. Or.).

28        AW and Ms. Wolfson also have prosecuted medical privacy class actions on behalf of victims

8

of data breaches under the California Confidentiality of Medical Information Act. For example, AW was a member of the Executive Committee in the consolidated actions entitled *Whitaker v. Health Net*, Case No. 2:11-cv-00910-KJM (E.D. Cal.), and in the *Sutter Medical Information Cases*, Case No. JCCP 4698 (Cal. Super. Ct., Sacramento Cty.). She also currently represents plaintiffs in cases arising out of data breaches affecting U.C.L.A. and Excellus Health Plan, Inc. *A.Y. v. Regents of the Univ. of Cal.*, Case No. BC590344 (Cal. Super. Ct., Los Angeles Cty.); *Preston v. Excellus Health Plan, Inc.*, Case No. 15-cv-06577-CJS (W.D.N.Y.) (and related actions). (Wolfson Dec. Ex. A at 3.)

With nearly two decades of complex and class action litigation behind her (more of which is described in her concurrently filed *curriculum vitae*), Ms. Wolfson well understands both the time and financial commitments that this type of high stakes litigation demands. Without equivocation, Ms. Wolfson assures the Court that she and her firm have both the staff and the financial resources to lead and manage this case with RCRSD in an efficient manner that gives Plaintiffs the best possible chance of success.

     **b. Robinson Calcagnie Robinson Shapiro Davis, Inc.**

RCRSD is a 27-attorney firm that specializes in representing plaintiffs in complex, multiparty litigation. (Declaration of Daniel S. Robinson ("Robinson Dec.") ¶ 3.) The firm has served as either lead counsel, or in another leadership role in multiple class actions and other multiparty litigations, including the following:

| Case Title | Case No. | Firm Position | Result |
|---|---|---|---|
| *Class Actions* | | | |
| *In re: General Motors LLC Ignition Switch Litigation* | 14-MD-2543 (JMF) (S.D.N.Y.) | Plaintiffs' Executive Committee | Pending |
| *In re Capacitors Antitrust Litigation* | 3:14-cv-03264-JD (N.D. Cal.) | Plaintiffs' Executive Committee | Pending |
| *St. Joseph Health System Medical Information Cases* | JCCP No. 4716 (Super. Ct. Cal.) | Plaintiffs' Co-Lead Counsel | Preliminarily approved settlement with total benefits valued at $28 million, including $241 cash payment to each class member |

| | | | |
|---|---|---|---|
| *Blue Cross of California Website Security Cases* | JCCP No. 4647 (Super. Ct. Cal. 2011) | Lead Settlement Class Counsel | Settlement providing for (1) temporary restraining order; (2) two years of credit monitoring for class members; (3) claims fund; (4) $500,000 charitable donation |
| *Michael Rivera et al. v. Bio-Engineered Supplements & Nutrition, Inc. et al.* | SACV 07-1306 JVS (RNBx) (C.D. Cal. 2009) | Lead Class Counsel | (1) Permanent injunction; (2) up to $1.5 million in refunds for class members (up to $30 per person); (3) rebates for future sales; (4) charitable donation valued at $1 million |
| *In re Tobacco II Cases* | JCCP No. 4042 (Super. Ct. Cal.) | Co-Lead Class Counsel | Finding for Plaintiffs as to Defendants' liability at bench trial |
| *In re Tobacco I Cases* | JCCP No. 4041 (Super. Ct. Cal.) | Co-Lead Trial Counsel | $3.3 billion settlement |
| *Other Complex Litigations* | | | |
| *In re: Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation* | 8:10ML02151 JVS(FMOx) (C.D. Cal.) | Plaintiffs' Co-Lead Counsel for Personal Injury Cases | Pending; over 300 claims have settled |
| *In Re Zoloft (Sertraline Hydrochloride) Products Liability Litigation* | No. 12-md-2342 (E.D. Pa.) | Plaintiffs' Co-Lead Counsel | Pending |
| *Yaz, Yasmin and Ocella Contraceptive Cases* | JCCP No. 4608 (Super. Ct. Cal.) | Plaintiffs' Co-Lead Counsel | Pending |
| *In re Actos (Pioglitazone) Products Liability Litigation ("Actos MDL")* | No. 11-md-2299 (W.D. La.) | Plaintiffs' Executive Committee | Global settlement of roughly $2.4 billion |
| *Actos Product Liability Cases ("Actos JCCP")* | JCCP No. 4696 (Super. Ct. Cal.) | Plaintiffs' Co-Lead Counsel | See Actos MDL, supra. |
| *In re DePuy ASR* | No. 10-md-2197 (N.D. Oh.) | Plaintiffs' Executive Committee | Global settlement of roughly $2.5 billion |
| *In re Biomet M2a Magnum Hip Implant Products Liability Litigation* | 3:12-MD-2391 (N.D. In.) | Plaintiffs' Executive Committee | Global Settlement of roughly $56 million |
| *In re Heparin Products Liability Litigation* | 1:08-60000 (N.D. Oh.) | Plaintiffs' Executive Committee | Inventory Settlement |

(Robinson Dec. ¶¶ 4-15.)

MOTION FOR CONSOLIDATION AND APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL

RCRSD has handled multiple class actions involving data breaches.  RCRSD currently serves as Co-Lead Counsel in *St. Joseph Health System Medical Information Cases*, *supra*, a coordinated class action in Orange County Superior Court.  RCRSD has obtained multiple favorable decisions during the course of the litigation, including (1) denials of the defendants' demurrer as to the majority of plaintiffs' claims, (2) denial of the defendants' motions for summary judgment and adjudication as to all claims, and (3) certification of a statewide class encompassing roughly 32,000 patients.  The Court has granted preliminary approval of a settlement which provides an estimated value of over $28 million to the class, including a check of at least $241 sent to each of the roughly 32,000 class members.  During the motion for preliminary approval, the Court noted that this was the "highest" cash payment it had ever seen in a data breach class action.  (Robinson Dec. ¶ 12.)

RCRSD previously served as Lead Settlement Class Counsel in another data breach class action, *Blue Cross of California Website Security Cases*, *supra*, in which Plaintiffs alleged that the defendant, Wellpoint, Inc., failed to adequately protect the confidential personal and medical information of over 600,000 customers, enrollees and subscribers.  RCRSD successfully obtained a temporary restraining order against Wellpoint from the "continued public disclosure" of health insurance applications that contained "private and confidential medical and financial information," and a settlement that provided class members with two years of credit monitoring and a $5,000,000 fund for reimbursement of losses and expenses.  (Robinson Dec. ¶ 14.)  RCRSD has served as lead counsel in several other types of class actions as well, including *Rivera v. Bio-Engineered Supplements & Nutrition, Inc.*, *supra*, (certified nationwide class action alleging false labeling and advertising) and *In re Tobacco II Cases*, *supra*, (certified statewide class action alleging violations of the UCL)*,* which are further described in the Mr. Robinson's concurrently filed declaration.

### 3.   AW and RCRSD Will Commit Significant Resources to Representing the Putative Class.

As interim class counsel, the proposed firms will commit the same resources and effort to this case as they have committed to their other, successful litigation endeavors.  These firms' many years of successful litigation, described above, demonstrate that they are consistently willing to bring all

**MOTION FOR CONSOLIDATION AND APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL**

resources necessary to effectively litigate claims.  AW and RCRSD have agreed to make this litigation a major focus of their firms' efforts, and will coordinate the litigation to avoid any unnecessary duplication of work or waste of resources.

<div align="center">

**4.      AW and RCRSD Have Agreed on Protocols to Ensure that the Case Is Litigated in a Speedy and Efficient Manner.**

</div>

While Proposed Co-Lead Class Counsel intend to litigate the case zealously, they are fully aware of the Court's expectation that they will prosecute the case efficiently and without duplication. To that end, they have agreed upon a comprehensive work assignment and billing protocol to ensure efficiency, which includes, without limitation, the following elements:

- All counsel will submit uniform monthly billing reports to lead counsel for auditing.  If the Court wishes, lead counsel will submit billing to the Court for review on a regular basis.

- Proposed Co-Lead Class Counsel each have kept contemporaneous time records, will continue to do so, and will instruct all Plaintiffs' counsel to do so.

- Proposed Co-Lead Class Counsel shall bill in increments no larger than a tenth of an hour, and shall maintain records in such a way that each billed activity is recorded separately. Proposed Co-Lead Class Counsel will instruct all Plaintiffs' counsel to follow similar practices.

- No work will be considered billable unless specifically assigned by Proposed Co-Lead Class Counsel.

- Proposed Co-Lead Class Counsel will staff the case efficiently on an as-needed bases, with staff of appropriate seniority, skill set and expertise.

- Each of the Proposed Co-Lead Class Counsel will limit his or her firm to no more than three attorneys to bill on the case, unless both Proposed Lead Class Co-Counsel agree that circumstances warrant higher levels of staffing.

- Unless otherwise authorized by Proposed Co-Lead Class Counsel, Plaintiffs' counsel shall send no more than two attorneys and one paraprofessional to any deposition.   When possible, counsel shall limit attendance to no more than one attorney.

<div align="center">

12

**MOTION FOR CONSOLIDATION AND APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL**

</div>

1

- All Plaintiffs' Counsel shall only seek reimbursement for economy or coach-class airfare
2
for travel, and will make reasonable arrangements for lodging.  Proposed Co-Lead Class
3
Counsel shall seek reimbursement only for reasonable accommodations, not to exceed $450
4
per night, plus tax, and per diem meal expenses will not exceed $120 per person.
5
- Proposed Co-Lead Class Counsel shall not seek reimbursement for expenses or costs
6
incurred as part of normal overhead costs for running a law firm.
7
These cost-saving measures have been incorporated in the concurrently filed Proposed Order.

8
### III.     CONCLUSION

9
Based on the foregoing, Plaintiff Bhuta respectfully requests that the Court consolidate these
10
Actions, and appoint the law firms of Ahdoot & Wolfson, PC and Robinson Calcagnie Robinson
11
Shapiro Davis, Inc. as Interim Co-Lead Class Counsel under Rule 23(g)(3).

12

13
Dated: November 5, 2015                         Respectfully submitted,

14
                                                 /s/ Tina Wolfson
                                                Tina Wolfson
15

16
                                                AHDOOT & WOLFSON, PC
                                                1016 Palm Avenue
17
                                                West Hollywood, California 90069
                                                Tel: (310) 474-9111; Fax: (310) 474-8585
18

19
                                                *Counsel for Plaintiff Bhuta and the Proposed
                                                Class*

20

21

22

23

24

25

26

27

28

13