Michael A. Galpern (admitted *pro hac vice*)
mgalpern@lockslaw.com
Andrew P. Bell (admitted *pro hac vice*)
abell@lockslaw.com
James A. Barry (admitted *pro hac vice*)
jbarry@lockslaw.com
LOCKS LAW FIRM, LLC
801 North Kings Highway
Cherry Hill, New Jersey 08034
Tel:  (856) 663-8200; Fax:  (856) 661-8400

*Attorneys for Plaintiff Dipak Bhuta and the Putative Class*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| IN RE EXPERIAN DATA BREACH LITIGATION | Case No.:  8:15-cv-01592-AG-DFM |
|---|---|
| | **NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF CO-LEAD CLASS COUNSEL AND PLAINTIFFS' STEERING COMMITTEE; MEMORANDUM OF POINTS AND AUTHORITIES** |
| | Date:     February 8, 2015<br>Time:     2:00 p.m.<br>Ctrm:     5, 2nd Floor<br>Before:  Hon. Jeffrey S. White |

**TO ALL PARTIES AND COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on February 8, 2016, at 10:00 a.m., or as soon thereafter as the matter may be heard before The Honorable Andrew J. Guilford in Courtroom 10D of the above-entitled Court located at 751 W. Santa Ana Blvd., Santa Ana, CA 92701, Plaintiff Dipak Bhuta will and hereby does move for an Order, pursuant to Federal Rule of Civil Procedure 23(g) and the Court's December 18, 2015 Order Setting Conference and Other Matters (Dkt. 62):

1. Appointing the law firms of Ahdoot & Wolfson, PC and Robinson Calcagnie Robinson Shapiro Davis, Inc. as Co-Lead Counsel; and

2. Appointing Locks Law Firm to serve as a member of the proposed PSC or, in the alternative, to any leadership position which the Court deems appropriate.

This Motion is based on this Notice of Motion, co-counsel's Plaintiff Bhuta's Motion for Consolidation and Appointment of Interim Co- Lead Class Counsel (Dkt. 32), the accompanying Memorandum of Points and Authorities, all documents on file in the above-referenced matter, the arguments presented by counsel at the scheduled hearing, and any other matter the Court wishes to consider.

# MEMORANDUM OF POINTS AND AUTHORITIES

Andrew P. Bell of the Locks Law Firm, co-counsel for the Plaintiff Dipak Bhuta, respectfully supports the appointment of Tina Wolfson of Ahdoot & Wolfson PC (AW) and Daniel Robinson of Robinson Calcagnie Robinson Shapiro Davis, Inc. (RCRSD) as Co-Lead Counsel pursuant to *F.R.C.P.* 23(g) and the Court's Order Setting Conference and Other Matters. [Doc. 62]. I support the appointment of Tina Wolfson and Daniel Robinson as co-lead counsel in this case and the proposed AW-RCRSD Plaintiff Steering Committee. I believe Wolfson and Robinson should be appointed co-leads based on their qualifications and expertise, the work they have put into this case thus far, the commitment they have shown to the plaintiff class, the leadership they have exhibited, and the comprehensive plan they have for moving the case forward. I understand that Wolfson and Robinson are recommending that I and my firm be appointed to the AW-RCRSD Plaintiffs' Steering Committee, and I would be honored to serve in that role. In support of the appointment of Locks Law Firm to the Plaintiffs' Steering Committee, I respectfully submit the following.

**I.   THE COURT SHOULD APPOINT LLF TO THE PLAINTIFFS' STEERING COMMITTEE**

**A.   The Appointment of a Steering Committee is Necessary and Appropriate In This Case**

The present litigation involves a number of parties, with thirty-two (32) separate actions filed before the Court at the time the Consolidation Order was entered by the Court. [Doc. 60]. Each of these cases involves consumer claims arising out of the data breach that Experian first announced on October 1, 2015, in which unauthorized individuals acquired highly sensitive, personally identifiable information of approximately 15 million consumers. In cases such as this, the Manual for Complex Litigation recommends that the "court will need to institute procedures under which one or more attorneys are selected and authorized to act on behalf of other counsel and their clients with respect to specified aspects of the litigation." Manual for Complex Litigation (Fourth), § 10.22. The Manual for

1

Complex Litigation also specifically discusses the roles in which counsel may be appointed, including lead counsel, and steering committees. *Id.* at 10.221. Given the complexity of the matter before the Court, the number of cases filed, and the size of the Defendant in the case, this is likely to be a complicated, drawn out litigation, which justifies the appointment of both Co-Lead Counsel as well as the proposed Plaintiffs' Steering Committee. The Court should appoint Locks Law Firm to the Plaintiff Steering Committee because (1) we are willing and able to commit to a time-consuming process; (2) we make it a practice to work cooperatively with others and have and will do so in this case; (3) we have the requisite professional experience in this type of litigation; and (4) we have access to sufficient resources to advance the litigation in a timely manner.

### B. LLF Is Willing and Able To Commit To a Time-Consuming Process

The Locks Law Firm is a plaintiff's firm that specializes in complex litigation, class actions, and catastrophic injury cases. LLF has been appointed as lead or co-lead counsel in some of the largest consumer class actions throughout class action jurisprudence history, and is fully committed to the prosecution of this case. LLF thoroughly vets cases before filing, and only files a case if it is committed to dedicating the time and resources necessary to appropriately handle the matter. Historically, LLF has consistently committed to long, difficult litigation, successfully resolving those matters for Plaintiffs.

Gene Locks, the founding partner of the firm, pioneered asbestos personal injury litigation in the 1970s, eventually representing more than 16,000 person injury victims in more than 20 different states. Mr. Locks was appointed co-lead counsel in the "Asbestos Personal Injury Litigation" MDL 185 for many years. Mr. Locks gained a national reputation for his proven ability to reorganize multi-million dollar former asbestos companies, which have then paid out hundreds of millions of dollars in benefits to hundreds of thousands of asbestos victims.

2

Because of the firm's litigation experience, negotiating reputation and ability to persevere and sustain lengthy litigation, Mr. Locks was appointed by the Honorable Jack B. Weinstein of the Eastern District of New York to the Management Committee of the Agent Orange Litigation, MDL 381 and was co-chair of the negotiating committee which resulted in a $180 million settlement, the largest class action settlement of personal injury class of victims at that time. In the late 1990s, Mr. Locks was co-lead negotiator and on the PSC in the In re: Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Products Liability Litigation, MDL No. 1203, which culminated in a $3.75 billion settlement. Most recently, Locks Law Firm was also appointed Co-Class Counsel and to the PSC of the In Re: National Football League Players' Concussion Injury Litigation, MDL No. 2323, which involved complex issues of federal preemption of state tort laws, and which culminated in a $765 million settlement, which was later "uncapped" to provide compensation greater than that amount for claims for the next 65 years.

**C.     LLF Makes It A Practice To Work Cooperatively With Others And Has Done So And Will Continue To Do So In In This Case**

Similarly, LLF has regularly worked cooperatively with others, including plaintiff firms appearing in this action, on other cases. The firm has been appointed to numerous lead positions as well as committee positions in a number of multi-district cases, including having been appointed to the Plaintiffs' Steering Committees of multiple pharmaceutical MDLs, including those for Propecia ((In re: Propecia (Finasteride) Products Liability Litigation, MDL No. 2331), Bextra and Celbrex (In Re: Bextra and Celebrex Marketing Sales Practices and Product Liability Litigation, MDL No. 1699). Similarly, the firm was co-lead counsel in the In re: Staples, Inc. Wage and Hour Employment Practices Litigation, MDL 2025, a nationwide FLSA collective action which resulted in a $42 million recovery.

3

In addition, attorneys at the firm have filled roles in other committee positions including: In re: Phenypropanolamine Litigation, Case Code 264, Middlesex County, New Jersey (member, Plaintiffs' Discovery Committee); In re: Propulsid Litigation, Case Code 247, Middlesex County New Jersey (member, New Jersey Plaintiffs' Steering Committee and Discovery Committee); In re: Rezulin Litigation Case Code 246 Middlesex County, New Jersey (member, Discovery, Expert and Patient Profile Committees); In re: Bextra Celebrex, MDL 1699 (member, Science/Expert Committee); and In re: Ortho Evra Birth Control Patch Litigation Case Code 275, Middlesex County, New Jersey (member, Plaintiffs' Trial Case Selection Committee).

LLF is further committed to working cooperatively with defense counsel in this case.

**D.     LLF Has The Requisite Professional Experience In This Type Of Litigation**

LLF has extensive experience in consumer class actions, as well as with FCRA actions and in addressing arbitration clauses in consumer contracts – which LLF anticipates is an issue that will be raised by Defendant in the present case as class member's contracts with T-Mobile contained arbitration clauses.

With regard to FCRA actions, the undersigned was appointed co-class counsel in the *White v. First Advantage Safe Rent, Inc.* action, which resulted in a $1.9 Million settlement on behalf of a class of New York City residents arising out of FCRA violations by the Defendant. In addition to negotiating programmatic relief in the settlement, which became the standard for the credit reporting industry, part of the relief we obtained was a *cy pres* grant to the New York State Bar Foundation of over $1,200,000 to help the Bar Foundation to educate the New York State judiciary and bar on the new procedures implemented by the Defendant as part of the programmatic relief. *See, e.g.,* https://www.nysba.org/CustomTemplates/Content.aspx?id=6581.

More recently with regard to arbitration, the undersigned successfully obtained reversal of the District Court's dismissal of a New Jersey class action which is grounded in allegations that the

4

waivers contained in the arbitration clause of a vehicle service contract violated New Jersey law. *Johnson v. Wynn's Extended Care, Inc.*, Case No. 14-1343 (3rd Cir. December 15, 2015).

Similarly, James A. Barry, an associate who is also assigned to this case in our New Jersey office, filed briefing and argued as *amicus curaie* before the New Jersey Supreme Court on December 2, 2015 regarding the application of New Jersey law to arbitration agreements which purport to delegate threshold issues of arbitrability to an arbitrator. The case is still pending a decision. *Morgan v. Sanford Brown Institute*, Supreme Court Docket No.: 075074. Similarly, Mr. Barry during law school participated in the Willem C. Vis International Commercial Arbitration Moot Court (https://vismoot.pace.edu/), a moot court competition that is held each year in Vienna, Austria and Hong Kong, China. Mr. Barry was awarded with the Maro R. Sondahl Award for Excellence in International Commercial Law and Arbitration for his performance in the competition. Since graduating law school in 2008 Mr. Barry has continued to assist the Rutgers Law School – Camden team prepare for the competition, which each year poses questions of arbitrability and the enforceability of arbitration agreements as well as substantive contract law. As a result of his specialization in consumer arbitration agreements, Mr. Barry was invited to speak to the New Jersey Association for Justice regarding consumer arbitration agreements on May 19, 2015.

LLF also has extensive experience prosecuting complex litigation and class actions. Michael A. Galpern, who is also assigned to this, file has been certified as a civil trial attorney by the Supreme Court of New Jersey in 1996 and have been recertified twice, in 2003 and 2008. He has been appointed to the Plaintiffs' Steering Committees of multiple pharmaceutical MDLs, including those for Propecia ((In re: Propecia (Finasteride) Products Liability Litigation, MDL No. 2331), Bextra and Celbrex (In Re: Bextra and Celebrex Marketing Sales Practices and Product Liability Litigation, MDL No. 1699). He was trial counsel in the matter of *Stillman v. Staples*, No: 2:07-cv-849 (D.N.J. 849), a collective action under the Fair Labor Standards Act, which resulted in a $2,460,650.61 verdict for a

group of 342 Staples employees. He was subsequently appointed co-lead counsel in the In re: Staples, Inc, Wage and Hour Employment Practices Litigation, MDL 2025, which resulted in a $42 million settlement on behalf of a nationwide class of Staples employees for FLSA violations.

Mr. Galpern has also argued before the New Jersey Supreme Court on the issue of allocating damages in multi-defendant cases. *Kiss v. Jacob*, 138 N.J. 278 (1994)and as amicus in *Laidlow v. Hariton Machinery*, 170 N.J. 602 (2002), which expanded the rights of New Jersey workers to bring third party actions against their employers. Mr. Galpern also served as an adjunct professor at Rutgers Law School – Camden from 1998-2006. A copy of Mr. Galpern's CV is attached hereto as Exhibit 1.

Andrew Bell is a partner with LLF and a 1992 graduate of Columbia University School of Law. He is a member of the bar in Connecticut, New York, and New Jersey and is also admitted to the Federal District for the Southern District of New York, The Eastern District of New York, the Northern District of New York, the District of Connecticut, the District of New Jersey, the Courts of Appeal for the Second Circuit and Third Circuit, and the United States Supreme Court. Mr. Bell's practice is focused on class and collective actions as well as multi-district litigation and mass torts. This past spring, Mr. Bell participated in the Rule 23 Committee of the National Association of Consumer Advocate (NACA), which recommended changes to the Rule 23 Subcommittee of the Advisory Committee on Rule of Civil Procedure in April 2015.

He has been named Class or Collective Action counsel in dozens of cases including *Schiffman v. Liberty Mutual Ins. Co.*, Aug. Term 2011, No. 0175 (Court of Common Pleas, Philadelphia Co., 2015) ($1.5 million settlement, payable to class members, of claim alleging failure of an insurer to appropriately provide rental coverage); *Caprarola v. Wells Fargo*, Docket No. CAM-L-3570-13 (Superior Ct. N.J. 2015 )($1.3 million settlement on behalf of the class alleging illegal deductions from employee wages); *Wilborn v. BankOne*, Civ. No. 03-cv-2674 (Common Pleas, Mahoning Co., Ohio 2013); *Kepler v. Weichert Co.* ($1.9 million class settlement arising out of illegal fee shifting

provision in Defendant's contract). Mr. Bell has been interviewed by the press repeatedly on issues of class action jurisprudence. Mr. Bell's CV, which contains a more comprehensive description of his qualifications, is attached hereto as Exhibit 2.

James A. Barry is an associate with LLF and a 2008 graduate of Rutgers Law School – Camden. After law school he served as a law clerk for Justice Faustino J. Fernandez-Vina of the New Jersey Supreme Court, who was then sitting as the Presiding Judge of the Civil Division for Camden County, New Jersey. Mr. Barry is a member of the New Jersey and Pennsylvania bars and is also licensed to practice before the Federal District Court for the District of New Jersey and the Third Circuit Court of Appeals. He has tried cases as both first and second chair in both New Jersey and Pennsylvania, and currently works on a range of class actions for LLF. Mr. Barry was named as co-lead counsel in the *Caprarola v. Wells Fargo* class action Docket No. CAM-L-3570-13 (Superior Ct. N.J. 2015), which resulted in a $1.3 million settlement for a class of Wells Fargo employees. A copy of Mr. Barry's CV is attached hereto as Exhibit 3.

LLF and the attorneys assigned to the file are experienced, have obtained significant recoveries for consumers in class actions, and have significant experience in the area of consumer arbitration, which it is anticipated will be an issue in the present matter. LLF therefore respectfully submits that it is more than qualified to serve on the Plaintiff's Steering Committee in the present matter.

### E. LLF Has Access To And Will Commit Sufficient Resources To Advance The Litigation In A Timely Manner

LLF is a 22-attorney firm with offices in Manhattan, New Jersey and Pennsylvania. The firm is committed to the present litigation, and has access to and can commit extensive resources to support the Plaintiffs in the present matter, as it has in other, successful complex litigations. As just a recent example from a recently settled class action, cited *supra*, United States District Judge Kassel said "I'm satisfied that the Locks Law Firm did an excellent job and an honest job in terms of pursuing this

matter and getting a good result for the class members." (*Caprarola*, Final Approval Hearing Tr., at 11:5-11:7, attached as Exhibit 4).

As with its other cases, which LLF fully vets prior to filing, LLF has and is willing to commit the necessary human and financial resources to efficiently and effectively prosecute this case.

### F. LLF Agrees To The Rates Set Forth In The Wolfson-Robinson Application, And To Abide By the Efficiency Protocols They Implemented

I agree, on behalf of my firm, to the attorneys' fees set forth in the Wolfson-Robinson and to abide by all the efficiency protocols they implement. The proposed rates are reasonable and are sufficient to allow our firm to bill at rates that have been previously approved by courts in similar consumer class action litigation in other jurisdictions. The efficiency protocols are also reasonable and represent the manner in which our firm endeavors to litigate every class action.

## II. CONCLUSION

For all the foregoing reasons, I respectfully request that this Court grant the application seeking the appointment of Tina Wolfson of Ahdoot & Wolfson PC (AW) and Daniel Robinson of Robinson Calcagnie Robinson Shapiro Davis, Inc. (RCRSD) as Co-Lead Counsel and the creation of the AW-RCRSD Plaintiffs' Steering Committee, together with the undersigned's application for membership in that Plaintiffs' Steering Committee, together with such other and further relief as this Court may deem just and proper.

Dated: January 4, 2016

                                                /s/ Andrew P. Bell
                                                Andrew P. Bell
                                                LOCKS LAW FIRM, LLC
                                                801 North Kings Highway
                                                Cherry Hill, New Jersey 08034
                                                Tel: (856) 663-8200; Fax: (856)661-8400