UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 15-1592 AG (DFMx) | Date | December 29, 2016 |
|---|---|---|---|
| Title | IN RE EXPERIAN DATA BREACH LITIGATION | | |

| Present: The Honorable | ANDREW J. GUILFORD | | |
|---|---|---|---|
| Lisa Bredahl | Not Present | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |

**Proceedings:**   [IN CHAMBERS] ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

This case is about an alleged theft of data, including names, addresses, and social security numbers, of customers and subscribers of T-Mobile, which were kept on a server owned by Defendant Experian Information Solutions, Inc. Plaintiffs allege that Defendants are liable for this theft of their personally identifiable information ("PII").

Defendants have now filed a motion to dismiss the following counts in the Consolidated Class Action Complaint: count 1, count 2, count 3 (to the extent it's premised upon the laws of New York, California, Ohio, or Illinois), count 4 (to the extent it's premised upon the laws of New York, California, Ohio, or Illinois), count 7, count 8, count 9, count 21, count 22, count 35, count 37 and count 38.

The Court GRANTS IN PART AND DENIES IN PART Defendants' motion to dismiss. (Dkt. No. 177.) Any amended pleading must be filed within 30 days of this Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 15-1592 AG (DFMx) | Date | December 29, 2016 |
|---|---|---|---|
| Title | IN RE EXPERIAN DATA BREACH LITIGATION | | |

1. **LEGAL STANDARD**

A court will grant a motion to dismiss if the complaint does not allege claims upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A claim for relief must be plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In analyzing the complaint's sufficiency, a court must "accept[] all factual allegations in the complaint as true and constru[e] them in the light most favorable to the nonmoving party." *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012).

If the court decides to dismiss a complaint, it must also decide whether to grant leave to amend. "A district court may deny a plaintiff leave to amend if it determines that allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency . . . or if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies." *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010).

2. **ANALYSIS**

   2.1 **Counts One and Two**

In count one Plaintiffs allege that Defendants willfully violated the Fair Credit Reporting Act ("FCRA") and in count two Plaintiffs allege that Defendants negligently violated the FCRA. Both claims state that Defendants violated the FCRA by "providing impermissible access to consumer reports and by failing to maintain reasonable procedures designed to limit the furnishing of consumer reports to the purposes outlined under section 1681b of the FCRA." (Compl., Dkt. No. 151 at 59–62.) Under the FCRA, a "consumer reporting agency may furnish a consumer report" *only* under certain listed circumstances. 15 U.S.C. § 1681b.

Defendants ask the Court to dismiss counts one and two because Defendants did not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-1592 AG (DFMx) | Date | December 29, 2016 |
|---|---|---|---|
| Title | IN RE EXPERIAN DATA BREACH LITIGATION | | |

"furnish" a "consumer report" in violation of the FCRA when Plaintiffs' data was stolen. (Dkt. No. 177 at 16.) Defendants argue that although the word "furnish" is not defined under the FCRA, "courts generally use the term to describe the active transmission of information to a third-party rather than a failure to safeguard the data." *Dolmage v. Combined Ins. Co. of Am.*, 2015 WL 292947, at *3 (N.D. Ill. Jan. 21, 2015). According to Defendants, every court that has considered the question has ruled that stolen data in a data breach isn't "furnishing" of a "consumer report" under the FRCA. (Dkt. No. 177 at 16–17.)

Plaintiffs ask the Court to apply a dictionary definition of "furnish" to this case, which is to "be a source of" or to "provide." (Opp'n, Dkt. No. 196 at 18.) Plaintiffs argue that Defendants had the task of furnishing the data to a third party, T-mobile, but instead of furnishing the data to T-mobile they just furnished it to another party when the data was stolen. Applying the cited dictionary definition of "furnish" wouldn't lead to the outcome that Plaintiff wants. Theft victims don't "provide" a thief with stolen goods. Although victims of theft might be the "source" of the stolen goods, saying that the victims are furnishing their goods to a thief is counterintuitive.

The cases Plaintiffs cite for their position are not relevant here. For example, both *Andrews v. TRW, Inc.*, 225 F.3d 1063 (9th Cir. 2000) and *Harrington v. ChoicePoint Inc.*, 2005 WL 7979032 (C.D. Cal. 2005) involved imposters. The defendants in those cases voluntarily provided data to the imposters. In this case, the theft did not happen through imposters—the data was stolen without any voluntary act of furnishing by Defendants.

"Although 'furnish' is not defined in the FCRA, courts generally use the term to describe the active transmission of information to a third-party rather than a failure to safeguard the data." *Dolmage v. Combined Ins. Co. of Am.*, 2015 WL 292947, at *3 (N.D. Ill. Jan. 21, 2015) (citing *Strautins v. Trustwave Holdings, Inc.*, 2014 WL 960816, at *8 (N.D.Ill. Mar. 12, 2014); *Holmes v. Countrywide Fin. Corp.*, 2012 WL 2873892, at *16 (W.D.Ky. Jul. 12, 2012)). Plaintiffs allege that Defendants "furnished" Plaintiffs' consumer reports "by disclosing their consumer reports to unauthorized entities and computer hackers; allowing unauthorized entities and computer hackers to access their consumer reports; . . . failing to take security measures that would prevent unauthorized entities or computer hackers from accessing their

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-1592 AG (DFMx) | Date | December 29, 2016 |
|---|---|---|---|
| Title | IN RE EXPERIAN DATA BREACH LITIGATION | | |

consumer reports; and/or failing to take reasonable security measures that would prevent unauthorized entities or computer hackers from accessing their consumer reports." (Compl., Dkt. No. 151 at 60.) But these allegations are all based on the fact that Defendants' data was *stolen* by a third party, not furnished to the third party.

Counts one and two also allege that Defendants violated Section 1681e, which states that "[e]very consumer reporting agency shall maintain reasonable procedures designed to . . . limit the furnishing of consumer reports to the purposes listed under section 1681b." 15 U.S.C. § 1681e. But a "plaintiff bringing a claim that a reporting agency violated the 'reasonable procedures' requirement of § 1681e must first show that the reporting agency released the report in violation of § 1681b." *Moreland v. CoreLogic SafeRent LLC*, 2013 WL 5811357, at *6 (C.D. Cal. Oct. 25, 2013) (quoting *Washington v. CSC Credit Servs.*, 199 F.3d 263, 266 (10th Cir. 2000)). Since Plaintiffs do not have a claim that Defendants violated Section 1681b, they also do not have a claim that Defendants violated Section 1681e.

The Court GRANTS Defendants' motion to dismiss counts one and two. Since Plaintiff cannot allege that there was a "furnishing" of credit reports under the FCRA, granting leave to amend would be futile. *See Steckman v. Hart Brewing*, 143 F.3d 1293, 1298 (9th Cir. 1998) (holding that pleadings may be dismissed without leave to amend if amendment "would be an exercise in futility"). So counts one and two are DISMISSED WITHOUT LEAVE TO AMEND.

### 2.2 The New York Claims

Defendants ask the Court to dismiss Plaintiff Bassaw's claims for negligence, negligence per se, and violation of New York General Business Law Section 349. (Dkt. No. 177-1 at 19.)

#### 2.2.1 The Negligence Claim

Under New York law, "the elements of a negligence claim are the existence of a duty, a breach of that duty, and damages proximately caused by that breach of duty." *Rangon v. Skillman Ave. Corp.*, 27 Misc. 3d 1230(A), 911 N.Y.S.2d 695 (Sup. Ct. 2010). Defendants

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-1592 AG (DFMx) | Date | December 29, 2016 |
|---|---|---|---|
| Title | IN RE EXPERIAN DATA BREACH LITIGATION | | |

argue that this claim should be dismissed because Defendants didn't owe Bassaw a duty and because Bassaw didn't sustain damages. (Dkt. No. 177-1 at 20.)

Defendants cite *Hammond v. The Bank of New York Mellon Corp.*, 2010 WL 2643307 (S.D.N.Y. June 25, 2010), to argue that this claim should be dismissed because "[a] defendant who hosts data of institutional clients owes no duty to those clients' customers in the context of a negligence claim for theft of the data." (*Id.*) But *Hammond* didn't have such a broad holding, and the analysis of the negligence claim in *Hammond* was for a summary judgment motion. The court granted summary judgement for defendant because plaintiffs in that case couldn't *establish* that the defendant owed them a duty. *Hammond*, 2010 WL 2643307 *9. We're not at a summary judgment stage here. To get past a 12(b)(6) motion to dismiss, Plaintiffs just have to sufficiently *allege* a duty, not *establish* its existence, and the complaint does sufficiently allege a duty here. Almost an entire page of the complaint lists the various alleged duties Defendants owed to Plaintiffs and the source of those duties. (Compl., Dkt. No. 151 at 63.)

Next, Defendants argue that Bassaw was reimbursed after he suffered from an unauthorized credit card charge and thus didn't suffer any actual damages. (Dkt. No. 177-1 at 20.) Even if, as Defendants argue, a risk of future identity theft isn't a properly pleaded damage, the complaint also alleges that Plaintiffs have suffered damages by taking measures to both "deter" *and* "detect" identity theft. (Compl., Dkt. No. 151 at 64.) Plaintiffs allege that Bassaw's credit card had an unauthorized charge and then that he "spent approximately 3 hours addressing issues arising from the Data Breach, including addressing the fraudulent activity and checking his accounts and credit report for fraud." (*Id.* at 28.) These allegations are not just about the risk of future fraud. Defendants also argue that since the stolen PII didn't include credit card numbers, the complaint also fails for not alleging how this data breach could have caused his fraudulent credit card charges. This argument isn't supported by any case law that requires such specific allegations of causation at a 12(b)(6) stage and is unconvincing to the Court.

Lastly, Defendants argue that even if sufficient damages are alleged, Bassaw's claim is barred under the economic loss rule. (Dkt. No. 177-1 at 22.) Defendants argue that Bassaw is only alleging economic harm, which is unrecoverable in a negligence claim, and that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-1592 AG (DFMx) | Date | December 29, 2016 |
|---|---|---|---|
| Title | IN RE EXPERIAN DATA BREACH LITIGATION | | |

independent-duty exception does not apply here. (*Id.*) According to the parties, under the independent-duty exception, a plaintiff can recover economic damages in a tort case under two circumstances. First, where "a focused duty flows to a definable and manageable class comprised of individuals with a relationship so close as to approach that of privity." (Dkt. No. 177-1 at 22; citing *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 428, 481 (S.D.N.Y. 2013)). Or second, where the defendant "created a duty to protect the plaintiff." (*Id.*) The complaint sufficiently alleges facts to state a claim under the independent-duty exception to the economic loss rule, especially because "[c]reating a duty without a direct relationship or contractual obligation is not . . . unusual or exceptional [in] New York precedent." *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 428, 482 (S.D.N.Y. 2013).

The Court DENIES Defendants' motion to dismiss this claim.

### 2.2.2 The Negligence Per Se claim

Bassaw bases this claim on alleged violations of the FCRA, the Gramm-Leach-Bliley Act ("GLBA"), and the Interagency Guidelines Establishing Information Security Standards. (Complaint, Dkt. No. 151 at 65–67.) Under negligence per se, "if a statute is designed to protect a class of persons, in which the plaintiff is included, from the type of harm which in fact occurred as a result of its violation, the issues of the defendant's duty of care to the plaintiff and the defendant's breach of that duty are conclusively established upon proof that the statute was violated." *German by German v. Fed. Home Loan Mortgage Corp.*, 896 F. Supp. 1385, 1396 (S.D.N.Y. 1995).

Defendants argue that this claim fails for two of the same reasons that the negligence claim failed—it doesn't allege proximate causation of injury and it alleges purely economic damages that are barred by the economic loss rule. (Dkt. No. 177-1 at 23.) These two arguments are unconvincing for the same reasons they were unconvincing under the negligence claim analysis.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-1592 AG (DFMx) | Date | December 29, 2016 |
|---|---|---|---|
| Title | IN RE EXPERIAN DATA BREACH LITIGATION | | |

Defendants also argue that this claim cannot be based on violations of the GLBA because "no private right of action exists for an alleged violation of the GLBA, and the GLBA does not supply any standard of care or conduct." (*Id.* at 23–24 quoting *Dunmire v. Mogan Stanley DW, Inc.*, 475 F.3d 956, 960 (8th Cir. 2007)). The main case that Defendants rely on, *Wells Fargo Bank, N.A. v. Jenkins*, 293 Ga. 162 (2013), is not analogous. *Jenkins* is a Georgia case applying Georgia negligence law, which is different from New York's negligence per se law. The complaint sufficiently alleges that Defendants violated statutes "designed to protect a class of persons, in which the plaintiff is included, from the type of harm which in fact occurred as a result of its violation." *German by German v*, 896 F. Supp. at 1396. And the other elements of a negligence per se claim—causation and damages—are also sufficiently alleged.

But Defendant is correct that the claim cannot rely on a violation of the FCRA because, as discussed in this Order, Plaintiffs do not have a FCRA claim. So the Court GRANTS Defendants' motion to dismiss this claim to the extent it relies upon violations of the FCRA, WITHOUT LEAVE TO AMEND. The Court DENIES Defendants' motion to dismiss this claim to the extent it relies upon violations of other laws.

### 2.2.3  The New York General Business Law Claim

In count 35, Plaintiffs allege that Defendants "engaged in deceptive acts and practices in the conduct of business, trade and commerce, and the furnishing of services, in violation of N.Y. Gen. Bus. Law § 349(a)." (Compl., Dkt. No 151 at 124.) A plaintiff must prove three elements under Section 349: "first, that the challenged act or practice was consumer-oriented; second, that it was misleading in a material way; and third, that the plaintiff suffered injury as a result of the deceptive act." *Stutman v. Chem. Bank*, 95 N.Y.2d 24, 29 (2000). Defendants ask the Court to dismiss this motion because Bassaw doesn't and can't allege facts to support any of these elements.

The first element is met if "the conduct at issue can potentially affect similarly situated consumers." *Koch v. Greenberg*, 626 F. App'x 335, 340 (2d Cir. 2015) (internal quotations omitted). The alleged conduct here—Defendants' mishandling of the PII—can, and allegedly did, affect a lot of "similarly situated consumers," so the first element has been sufficiently

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 15-1592 AG (DFMx) | Date | December 29, 2016 |
|---|---|---|---|
| Title | IN RE EXPERIAN DATA BREACH LITIGATION | | |

alleged. A conduct is materially misleading under the second prong if it is "likely to mislead a reasonable consumer acting reasonably under the circumstances." *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 26 (1995). The second element is met because the complaint alleges materially misleading conduct by Defendants. For example, it alleges that "Experian . . . misrepresented that it would comply with the requirements of relevant federal and state laws pertaining to the privacy and security of the New York Subclass members' PII." (Compl., Dkt. No. 151 at 125.) The third element of damages is sufficiently alleged for similar reasons that the Court previously found damages to be sufficiently alleged under the negligence claim.

### 2.3    The Illinois Claims

Defendants ask the Court to dismiss the claims of Plaintiffs Kuklinski, Yoo, Barbashov, and Alcorn ("Illinois Plaintiffs") for negligence, negligence per se, violation of the Illinois Consumer Fraud Act, and violation of the Illinois Uniform Deceptive Trade Practices Act, (Dkt. No. 177-1 at 26.)

### 2.3.1    The Negligence and Negligence per se Claims

Defendants ask the Court to dismiss these claims for the same reasons they asked the Court to dismiss the New York negligence claims: they're barred under Illinois' economic loss rule, Defendants didn't owe the Illinois Plaintiffs a duty, no causation is alleged, and sufficient damages aren't alleged.

Defendants' economic loss rule argument fails. "Illinois law recognizes three exceptions to the economic loss rule: (1) where plaintiff sustains personal injury or property damage resulting from a sudden or dangerous occurrence; (2) where plaintiff's damages were proximately caused by defendant's intentional, false representation; and (3) where plaintiff's damages were proximately caused by the negligent misrepresentation of a defendant in the business of supplying information for the guidance of others in business transactions." *In re Michaels Stores Pin Pad Litig.*, 830 F. Supp. 2d 518, 528 (N.D. Ill. 2011). Defendants don't address any of these exceptions in their motion. The facts alleged are sufficient to put this

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-1592 AG (DFMx) | Date | December 29, 2016 |
|---|---|---|---|
| Title | IN RE EXPERIAN DATA BREACH LITIGATION | | |

claim under at least one of these exceptions—most likely the second one. Defendants' arguments on lack of a duty and causation, and Defendant's negligence per se argument, all fail for similar reasons here that they failed in the New York negligence and negligence per se analysis.

Defendants' arguments on damages also fails because sufficient damages are alleged. According to the complaint, in September 2015, Plaintiff Kamil Kuklinski received a text message from an apparent hacker telling him that a payment of over $3,000 was due for an account he didn't own. When Kuklinski denied owing the amount, the hacker sent 500 more text messages and mentioned his girlfriend by name. In March 2016, Kuklinski received a letter from the IRS that they detected an unsuccessful attempt to use his Social Security number to file a fraudulent tax return. Kuklinski has spent over eight hours addressing issues arising from the Data Breach. (Compl., Dkt. No. 151 ¶ 30.) In November 2015 Plaintiff Charles Yoo's bank notified him of attempted fraudulent charges on his credit card. Yoo has spent over three hours addressing issues arising from the Data Breach. (*Id.* ¶ 31.) Plaintiff Sergey Barbashov has spent around two hours addressing issues from the Data Breach. (*Id.* ¶ 32.) Plaintiff Kathleen Alcorn has spent about $108 on credit monitoring and spent over 30 hours addressing issues arising from the Data Breach. (*Id.* ¶ 33.)

"[A] growing number of federal courts have now recognized Loss of Value of PII as a viable damages theory." *In re Anthem, Inc. Data Breach Litig.*, 2016 WL 3029783, at *43 (N.D. Cal. May 27, 2016) (citing *In re Facebook Privacy Litig.*, 572 F. App'x 494 (9th Cir. 2014)). And "a growing number of courts now recognize that individuals may be able to recover Consequential Out of Pocket Expenses that are incurred because of a data breach, including for time spent reviewing one's credit accounts." *Id.* (citing *Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963, 965 (7th Cir. 2016)). The time that Plaintiffs have allegedly spent addressing issues caused by the data breach are thus sufficient to state a claim for damages.

The Court DENIES Defendants' motion to dismiss the negligence claim.

The Court GRANTS Defendants' motion to dismiss the negligence per se claim to the extent it relies upon violations of the FCRA, WITHOUT LEAVE TO AMEND. The Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-1592 AG (DFMx) | Date | December 29, 2016 |
|---|---|---|---|
| Title | IN RE EXPERIAN DATA BREACH LITIGATION | | |

DENIES Defendants' motion to dismiss the negligence per se claim to the extent it relies upon violations of other laws.

### 2.3.2 The Consumer Fraud Act Claim

Defendants argue that since Plaintiffs cannot allege a date of breach, they can't allege that Defendants delayed in notifying them for the breach under the timing requirement of section 530/10(a). But Plaintiffs do allege that Defendant "failed to disclose the Data Breach to Illinois Subclass members in a timely and accurate manner" and that Plaintiffs suffered injuries "[a]s a direct and proximate result of [Defendants'] practices." Defendants then argue that Section 530/10(a) doesn't apply here because it only applies to a "data collector that owns or licenses personal information" and Defendants didn't own or license the PII. 815 Ill. Comp. Stat. Ann. 530/10(a). Instead, Defendants argue, they maintained or stored PII and the statute itself treats an owner differently from "data collector that maintains or stores, but does not own or license, computerized data." *Id.* at (b). Plaintiffs rely on *In re Michaels Stores Pin Pad Litig.*, 830 F. Supp 2d 518, 528 (N.D. Ill. 2011) to argue that since "the statute applies to retailers that obtain credit card information during credit card transactions," it should also apply here to Defendants' handing of the PII. In *Michaels*, the court didn't explicitly consider the question of whether a credit card retailer who gets credit card information during transactions is someone who maintains data or owns data. But the court in *Michaels* did hold that plaintiffs had stated a plausible claim under the Consumer Fraud Act against the retailer. *Id.* The complaint alleges throughout that Defendants "own or license computerized data that includes personal information." (Compl., Dkt. No. 151 at 81, 85, 75) Also the statute doesn't define what it means to "own or license" the data. The allegations are sufficient to state a claim under section 530/10(a). Defendants' argument that this claim fails under Rule 9(b) isn't convincing because this claim isn't just based on fraud, it is also based on "negligent" or "willful" or "unfair" conduct. (Compl., Dkt. No. 151 at 99.)

Defendant's next argument is that proximate causation is not sufficiently alleged, so the claim should be dismissed. "If a consumer has neither seen nor heard any such statement, then she cannot have relied on the statement and, consequently, cannot prove proximate cause." *De Bouse v. Bayer*, 235 Ill. 2d 544, 554 (2009). So, "[a] consumer cannot maintain an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-1592 AG (DFMx) | Date | December 29, 2016 |
|---|---|---|---|
| Title | IN RE EXPERIAN DATA BREACH LITIGATION | | |

action under the Illinois Consumer Fraud Act when the plaintiff does not receive, directly or indirectly, communication or advertising from the defendant." *Id.* Although the Illinois Plaintiffs allege that Defendants "misrepresented that [they] would maintain adequate data privacy" (Compl., Dkt. No. 151 at 98), the complaint doesn't allege whether Plaintiffs "receive[d], directly or indirectly, communications or advertising from the defendant[s]." *De Bouse*, 235 Ill. 2d at 554.

So, the Court GRANTS Defendants' motion to dismiss this claim WITH LEAVE TO AMEND.

### 2.3.3   The Uniform Deceptive Trade Practices Act Claim

Defendants argue that only injunctive relief is available under the Uniform Deceptive Trade Practices Act and Plaintiffs don't specify a desired injunctive relief and aren't entitled to injunctive relief, so the Court should dismiss this claim. But Plaintiffs do specify that they ask the Court for "injunctive relief including an order requiring Experian to implement improved data security measures." (Compl., Dkt. No. 151 at 11.) Even if Defendants are correct that under Illinois law, a plaintiff is not entitled to injunctive relief if an adequate remedy at law exists, the Court is not convinced at this stage that the damages Plaintiffs seek are adequate remedies at law. As Plaintiffs point out, the "purpose of this injunctive relief is to protect Plaintiffs' PII from *future* breaches, not to provide compensation for the *prior* breach." (Opp'n, Dkt. No. 196 at 45.) Defendants' arguments are therefore not convincing.

The Court DENIES Defendants' motion to dismiss this claim.

### 2.4   The Ohio Claims

Defendants ask the Court to dismiss Plaintiff Clark's claims for negligence, negligence per se, violation of the Ohio Consumer Sales Practices Act, and violation of the Ohio Deceptive Trade Practices Act. (Dkt. No. 177-1 at 31.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-1592 AG (DFMx) | Date | December 29, 2016 |
|---|---|---|---|
| Title | IN RE EXPERIAN DATA BREACH LITIGATION | | |

### 2.4.1 The Negligence and Negligence per se Claim

Defendants make similar arguments here that they made about dismissing the previous negligence claims. Defendants' arguments are not convincing here for the same reasons they weren't convincing in the previous two negligence claim analysis of this Order.

The Court DENIES Defendants' motion to dismiss the negligence claim.

The Court GRANTS Defendants' motion to dismiss the negligence per se claim to the extent it relies upon violations of the FCRA, WITHOUT LEAVE TO AMEND. The Court DENIES Defendants' motion to dismiss the negligence per se claim to the extent it relies upon violations of other laws.

### 2.4.2 The Consumer Sales Practices Act Claim

Under Ohio's Consumer Sales Practices Act ("CSPA"), "[n]o supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction." Ohio Rev. Code § 1345.02(A). First, Defendants argue that this claim fails because Clark doesn't, and can't, allege a "consumer transaction" between himself and Defendants. (Dkt. No. 177-1 at 33.) Defendants rely on *Richards v. Beechmont Volvo* to argue that under the CSPA, the deceptive act must "concern a matter that is or is likely to be material to a consumer's decision to purchase the product or service involved." *Richards*, 127 Ohio App. 3d 188, 191 (1998). Plaintiffs cite case law that states that "[a] solicitation to sell goods or services intended primarily for personal, family, or household use, may be sufficient to give rise to liability even in the absence of an actual sale of a deceptive act is committed in connection with that solicitation." *Weaver v. J. C. Penney Co.*, 53 Ohio App. 2d 165, 168 (Ohio Ct. App. 1977). Plaintiffs argue that the CSPA has been applied to "referral sellers, and assignees collecting debts, among others." (Opp'n, Dkt. No. 196 at 46.)

The complaint does allege that Defendants "engaged in unfair and deceptive acts and practices in connection with a consumer *transaction*." (Compl., Dkt. No. 151 at 128.) But this conclusory statement isn't supported by sufficient facts. There may be enough facts to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 15-1592 AG (DFMx) | Date | December 29, 2016 |
|---|---|---|---|
| Title | IN RE EXPERIAN DATA BREACH LITIGATION | | |

support that Defendants transacted with T-Mobile, but not enough to support the conclusion that Defendants transacted with Plaintiffs.

Defendants' other arguments that no reliance, notice, or injury is alleged are not convincing to the Court. But since the transaction that the unfair or deceptive act must have been in connection with isn't sufficiently alleged, the Court GRANTS Defendants' motion to dismiss this claim WITH LEAVE TO AMEND.

### 2.4.3   The Deceptive Trade Practices Act Claim

Defendants argue that Plaintiffs do not have a claim here because a person who seeks recovery under Ohio's Deceptive Trade Practices Act must be someone who is "engaged in some type of commercial activity." (Dkt. No. 177-1 at 35 (quoting *Gascho v. Glob. Fitness Holdings*, LLC, 863 F. Supp. 2d 677, 698 (S.D. Ohio 2012)). So persons suing under this law must sue in their individual "capacity as a participant in commercial activity." *Gascho,* 863 F. Supp. 2d at 698. Plaintiffs argue that Ohio courts are split on whether consumers can bring a claim under the suit, and that the Ohio Supreme Court has not yet resolved this issue. Defendants' argument is convincing because the majority of Ohio courts have ruled that a consumer *cannot* bring a claim under this act.

The Court GRANTS Defendants' motion to dismiss this claim WITHOUT LEAVE TO AMEND.

### 2.5   The California Claims

Defendants ask the Court to dismiss the claims of Plaintiffs Gonzales, Crump, Brazzle, Merry, Ojeda, Bohannon, Johnson and Ciano for negligence, negligence per se, violation of the Customer Records Act, violation of the Consumer Legal Remedies Act ("CLRA"), and violation of Section 17200 of California's Business & Professions Code ("UCL"). (Dkt. No. 177-1 at 36.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 15-1592 AG (DFMx) | Date | December 29, 2016 |
|---|---|---|---|
| Title | IN RE EXPERIAN DATA BREACH LITIGATION | | |

### 2.5.1 The Negligence Claim and Negligence per se Claims

Defendants make similar arguments here that they made as to why the Court should dismiss the previous negligence claims: they're barred under California's economic loss rule, Defendants didn't owe the California Plaintiffs a duty, and sufficient damages aren't alleged.

In California, there are limitations to the economic loss rule, and at least one exception to the rule has been sufficiently alleged. The existence of a duty has sufficiently been alleged as explained in section 2.2.1 of this Order. Sufficient damages have also been alleged by the California Plaintiffs for the same reason that the Court found sufficient damages were alleged by the Illinois Plaintiffs in section 2.3.1 of this Order.

The Court DENIES Defendants' motion to dismiss the negligence claim.

### 2.5.2 The Negligence *per se* Claim

Defendants' argument that there is no negligence per se claim in California is convincing. "[T]he doctrine of negligence per se is an evidentiary presumption rather than an independent right of action." *Quiroz v. Seventh Ave. Ctr.*, 140 Cal. App. 4th 1256, 1286 (2006). So negligence per se can serve to establish a presumption of negligence in California, but it "does not provide a private right of action for violation of a statute." *Id.* at 1285.

The Court GRANTS Defendants' motion to dismiss the negligence per se claim WITHOUT LEAVE TO AMEND.

### 2.5.3 The Customer Records Act Claim

Under the Customer Records Act, a business must "disclose a breach of the security of the system following discovery or notification of the breach . . . in the most expedient time possible and without unreasonable delay." Cal. Civ. Code § 1798.82. Under this act, "customers," defined as "individual[s] who provide[] personal information to a business for the purpose of purchasing or leasing a product or obtaining a service from the business,"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-1592 AG (DFMx) | Date | December 29, 2016 |
|---|---|---|---|
| Title | IN RE EXPERIAN DATA BREACH LITIGATION | | |

have a private right of action. *Id.* Defendants argue that Plaintiffs are not "customers" under this act's definition. But Defendants cite no case law supporting their narrow interpretation of this definition. Plaintiffs did, at least indirectly through T-Mobile, provide information to Defendants, so Defendants' argument isn't convincing. Defendants' second argument that Plaintiffs didn't sufficiently allege that the delayed notification injured them because Plaintiffs don't allege *when* the data breach occurred is once again not convincing.

The Court DENIES Defendants' motion to dismiss this claim.

### 2.5.4 The UCL and the CLRA Claims

Defendants' argument that these two claims should be dismissed for failing to meet the particularity requirements of Rule 9(b) is convincing. The CLRA has two prongs—"unfair" methods of competition and "unfair or deceptive" acts or practices. The UCL has three prongs—"unfair," "unlawful," and "fraudulent" business practices. Only one CLRA prong and one UCL prong needs to be properly alleged to state a claim under each law. The Ninth Circuit has held that the heightened pleading standards of Rule 9(b) apply to claims that are "grounded in fraud" or "sound in fraud." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103–04 (9th Cir. 2003).

Rule 9(b) "requires particularized allegations of the circumstances constituting fraud, including identifying the statements at issue and setting forth what is false or misleading . . . about the statement and why the statements were false or misleading at the time they were made." *In re Rigel Pharm., Inc. Sec. Litig.*, 697 F.3d 869, 876 (9th Cir. 2012). To satisfy Rule 9(b), a plaintiff must allege "the who, what, when, where, and how" of the misconduct. *Cooper v. Pickett,* 137 F.3d 616, 627 (9th Cir. 1997).

Plaintiffs have not alleged "the who, what, when, where, and how" with the Rule 9(b) particularity requirement for either of these two claims. Where the allegations supporting a claim do not satisfy the heightened pleading requirements of Rule 9(b), the claim is subject to dismissal. *Vess*, 317 F.3d at 1107. But dismissal for failure to comply with Rule 9(b) should

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 15-1592 AG (DFMx) | Date | December 29, 2016 |
|---|---|---|---|
| Title | IN RE EXPERIAN DATA BREACH LITIGATION | | |

ordinarily be granted with leave to amend if there is a possibility that plaintiff can correct the defect. *Id.* at 1108.

The Court GRANTS Defendants' motion to dismiss these two claims WITH LEAVE TO AMEND, to the extent that the claims rely upon the "fraudulent" or "deceptive" prongs of the UCL and CLRA. But Plaintiffs have alleged sufficient facts under the other prongs of UCL and CLRA. So the Court DENIES Defendants' motion to dismiss these two claims to the extent that the claims rely upon the remaining UCL and CLRA prongs.

3.      DISPOSITION

The Court GRANTS IN PART AND DENIES IN PART Defendants' motion to dismiss. (Dkt. No. 177.) Any amended pleading must be filed within 30 days of this Order.

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |