UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | SACV 15-01592 AG (DFMx) | Date | May 18, 2017 |
|---|---|---|---|
| Title | IN RE EXPERIAN DATA BREACH LITIGATION | | |

| Present: The Honorable | ANDREW J. GUILFORD | | |
|---|---|---|---|
| Lisa Bredahl | Not Present | | |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |

**Proceedings:**   **[IN CHAMBERS] ORDER DENYING MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

This is a consolidated class action brought by Plaintiffs whose personally identifiable information was allegedly compromised when Defendants Experian Information Solutions Inc., Experian Services Corporation, Experian Holdings Inc., and Experian North America Inc. (collectively, "Experian") suffered a data breach. Mandiant, a third party forensics consultant, was hired to investigate the data breach and Plaintiffs want to examine Mandiant's report and documents related to that investigation. Experian argue that the report and related documents are privileged and therefore shouldn't be disclosed to Plaintiffs. Plaintiffs therefore filed this motion, seeking to compel the production of those documents.

The Court DENIES the motion to compel. (Dkt. Nos. 224 & 231.)

## 1.     LEGAL STANDARDS

In federal courts, parties may generally "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). But there are limits to the otherwise broad scope of discoverable material. One of the doctrines that limits discovery is the work product

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | SACV 15-01592 AG (DFMx) | Date | May 18, 2017 |
|---|---|---|---|
| Title | IN RE EXPERIAN DATA BREACH LITIGATION | | |

doctrine.

The work product doctrine is "a qualified privilege for certain materials prepared by an attorney acting for his client in anticipation of litigation." *United States v. Nobles*, 422 U.S. 225, 237–38 (1975) (internal quotations omitted); *see* Fed. R. Civ. P. 26(b)(3)(A). The doctrine extends to "documents created by investigators working for attorneys, provided the documents were created in anticipation of litigation." *In re Grand Jury Subpoena (Mark Torf/Torf Envtl. Mgmt.)*, 357 F.3d 900, 907 (9th Cir. 2004) (citing *United States v. Nobles*, 422 U.S. 225, 239 (1975)).

The Ninth Circuit has held that documents must have two characteristics to be protected under this doctrine: "(1) they must be prepared in anticipation of litigation or for trial, and (2) they must be prepared by or for another party or by or for that other party's representative." *Id.* (internal quotations omitted). And in this circuit, a "because-of" test is used to determine whether a document was prepared in anticipation of litigation, which means that a document doesn't need to be prepared *exclusively* for use in litigation. *Id.* at 907–08. "The 'because of' standard does not consider whether litigation was a primary or secondary motive behind the creation of a document." *Id.* at 908. "Rather, it considers the totality of the circumstances and affords protection when it can fairly be said that the document was created because of anticipated litigation, and would not have been created in substantially similar form but for the prospect of that litigation." *Id.* (internal quotations omitted).

But "[t]he privilege derived from the work-product doctrine is not absolute." *United States v. Nobles*, 422 U.S. 225, 239 (1975). So, "[l]ike other qualified privileges, it may be waived." *Id.* And documents protected by this doctrine may still be discovered if "they are otherwise discoverable under Rule 26(b)(1)" and if "the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(i)–(ii). If a court does order discovery of materials that fall within that exception, the court "must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Fed. R. Civ. P. 26(b)(3)(B).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | SACV 15-01592 AG (DFMx) | Date | May 18, 2017 |
|---|---|---|---|
| Title | IN RE EXPERIAN DATA BREACH LITIGATION | | |

**2. ANALYSIS**

As a preliminary point, the Court has appropriately considered the parties' evidentiary objections and responses to those objections in this analysis, and relies only on admissible evidence.

Some background is helpful for this analysis. In September 2015, Experian learned that one of its systems was breached by an unauthorized third party. Experian immediately retained Jones Day, its outside litigation counsel, for legal advice regarding the attack. Jones Day then hired Mandiant to conduct an expert report analysis of the attack. And according to Experian, the only purpose of that report is to help Jones Day provide legal advice to Experian regarding the attack.

On October 1, 2015, Experian announced its data breach. One day later, the first complaint was filed alleging claims related to the data breach. That complaint was then consolidated with over forty other consumer complaints, which created the pending litigation. Mandiant finished its report by the end of October 2015 and gave it to Jones Day. Then Jones Day gave the report to Experian's in-house counsel. The report has several components and includes an individual sub-report for each server image that Mandiant investigated. Jones Day and Experian's in-house counsel have used and continue to use the report to develop their legal strategy.

Plaintiffs now ask the Court to compel Experian to produce Mandiant's report and related documents. Alternatively, Plaintiffs ask the Court to review, *in camera*, all documents listed on Experian's Privilege Log to determine whether or not the documents should be produced. Experian argues that the report shouldn't be disclosed because it's protected under the work product doctrine and the attorney client privilege. Since the Court finds that the report is protected under the work product doctrine, the Court will not address whether the report is also protected by the attorney client privilege.

Plaintiffs' main argument as to why the report isn't work product is that Experian had independent business duties to investigate any data breaches and it hired Mandiant to do

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-01592 AG (DFMx) | Date | May 18, 2017 |
|---|---|---|---|
| Title | IN RE EXPERIAN DATA BREACH LITIGATION | | |

exactly that after realizing that its own experts lacked sufficient resources. Experian indeed had duties under the law to investigate data breaches and under its contract T-Mobile, Experian had the duty to remedy, investigate, and remediate any data breach. But the record before the Court makes it clear that Mandiant conducted the investigation and prepared its report for Jones Day in anticipation of litigation, even if that wasn't Mandiant's only purpose.

As already stated, this circuit uses the "because of" standard in such situations. When determining whether documents were prepared by consultants "because of" litigation, courts weigh "factors such as the timing of retention of the non-testifying expert in relation to the litigation at issue and the existence of evidence including supporting affidavits and engagement letters." *U.S. Inspection Servs., Inc. v. NL Engineered Sols., LLC*, 268 F.R.D. 614, 619 (N.D. Cal. 2010). Here, Mandiant was hired by Jones Day to assist Jones Day in providing legal advice in anticipation of litigation. This is supported by declarations as well as the fact that Mandiant's full report wasn't given to Experian's Incident Response Team. If the report was more relevant to Experian's internal investigation or remediation efforts, as opposed to being relevant to defense of this litigation, then the full report would have been given to that team. The evidence here establish that Jones Day instructed Mandiant to do the investigation and, but for the anticipated litigation, the report wouldn't have been prepared in substantially the same form or with the same content.

Plaintiffs argue that since Mandiant had previously worked for Experian, that's proof that Mandiant was just again doing work in the course of ordinary business for Experian when it created the report. But that argument isn't convincing in part because Mandiant's previous work for Experian was separate from the work it did for Experian regarding this particular data breach. *See, e.g., In re: Bard Ivc Filters Prod. Liab. Litig.*, No. 2641, 2016 WL 537587 (D. Ariz. Feb. 11, 2016) (holding that an expert retained by a company's in-house counsel at that counsel's direction had created privileged documents, even though the expert had previously worked for the company as a consultant because the two assignments were separate.). At oral arguments, Plaintiffs stated that Mandiant conducted a very similar analysis of Experian's system in 2013 and that any negligence found in 2013 directly relates to the 2015 breach. To be clear, the Court is *not* concluding that Mandiant's 2013 report is privileged. The Court also is not concluding that any work done by Experian or Mandiant regarding the breach *before*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-01592 AG (DFMx) | Date | May 18, 2017 |
|---|---|---|---|
| Title | IN RE EXPERIAN DATA BREACH LITIGATION | | |

Jones Day was hired is privileged.

The next inquiry is whether there's an exception to the doctrine in this situation. Plaintiffs' expert concludes in a declaration that Mandiant must have had access to Experian's live servers to do its analysis and since its impossible to go back in time and access those live servers at the moment they were inspected, there's a substantial hardship exception. (Strebe Decl., Dkt. No. 231-2.) Those conclusions are based on the expert's opinion and observations of Mandiant's previous data breach reports, which were performed primarily on live, operational networks. (*Id.* ¶ 32.) But the evidence submitted by Experian shows that Mandiant didn't have access to any of Experian's live systems, networks, or servers when it was investigating to prepare this particular report. (McCloon Decl., Dkt. No. 233-8 ¶ 13.) Mandiant apparently only observed server images to create its report. And Plaintiffs can, through discovery, get those same exact server images and hire their own expert to perform the work Mandiant did. A showing of expense or inconvenience to Plaintiffs in hiring an expert to perform the same analysis isn't sufficient to overcome the protection of the work product doctrine. *See Fletcher v. Union Pac. R.R. Co.*, 194 F.R.D. 666, 671 (S.D. Cal. 2000).

The final issue to be addressed is whether the protection of the work product doctrine over Mandiant's report was waived by Experian. Parties may disclose documents without waiving work product protection if that disclosure is consistent with maintaining the secrecy against opponents. *See United States v. AT&T Co.*, 642 F.2d 1285, 1299 (9th Cir. 1980). The disclosure here was very limited and closely controlled by Jones Day and Experian's in-house legal department. The report wasn't given to Experian's Incident Response Team or to the personnel working on remediation of the systems involved in the attack. Further, just before Jones Day retained Mandiant, Experian and T-Mobile, its client, entered into a joint defense agreement ("JDA") because they recognized the risk of litigation arising from the breach. And Experian's counsel gave T-Mobile's counsel the report under the JDA, in redacted form. The disclosure here doesn't amount to a waiver of the work product doctrine.

### 3. DISPOSITION

The Court DENIES the motion to compel. (Dkt. Nos. 224 & 231.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-01592 AG (DFMx) | Date | May 18, 2017 |
|---|---|---|---|
| Title | IN RE EXPERIAN DATA BREACH LITIGATION | | |

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |