Tina Wolfson, SBN. 174806
*twolfson@ahdootwolfson.com*
**AHDOOT & WOLFSON, PC**
1016 Palm Avenue
West Hollywood, CA 90069
Telephone: (310) 474-9111
Fax: (310) 474-8585

Daniel S. Robinson, SBN 244245
*drobinson@robinsonfirm.com*
**ROBINSON CALCAGNIE, INC.**
19 Corporate Plaza Dr.
Newport Beach, CA 92660
Telephone: (949) 720-1288
Fax: (949) 720-1292

*Co-Lead Counsel for Plaintiffs and the Proposed Class*

Richard J. Grabowski, SBN 125666
*rgrabowski@JonesDay.com*
John A. Vogt, SBN 198677
*javogt@jonesday.com*
Edward S. Chang, SBN 241682
*echang@jonesday.com*
**JONES DAY**
3161 Michelson Drive, Suite 800
Irvine, CA 92612.4408
Telephone: (949) 851-3939
Fax: (949) 553-7539

*Attorneys for Defendants EXPERIAN HOLDINGS, INC. and EXPERIAN INFORMATION SOLUTIONS, INC.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| IN RE EXPERIAN DATA BREACH LITIGATION | Case No. 8:15-cv-01592 AG (DFMx)<br><br>Hon. Andrew J. Guilford<br><br>**STIPULATED PROTECTIVE ORDER RE PROTECTION OF PUTATIVE CLASS MEMBER EMAIL ADDRESSES** |

WHEREAS, on April 13, 2016, the Court entered a Stipulated Protective Order (the "Protective Order") (Dkt. 150), to which the Parties and their counsel are bound;

WHEREAS, in anticipation of meeting the requirements of Fed. R. Civ. P. 23(c)(2)(B), Plaintiffs have requested that non-party T-Mobile USA, Inc. ("T-Mobile") determine if it could supply the email addresses of putative class members

for the purpose of sending direct notice;

WHEREAS, the Parties have reached a settlement in this action that would require direct notice to be sent to settlement class members;

WHEREAS, T-Mobile has indicated that it would likely be amenable to producing putative class member email addresses, to the extent such data is in T-Mobile's possession, so long as the data is provided directly to the appointed claims/notice administrator (together with its employees, affiliates, and such vendors as may be reasonably required to effectuate any approved settlement, the "Administrator") and is provided for the sole purpose of providing settlement notice;

WHEREAS, subject to the Court's approval, the Parties have agreed to expand the rights and obligations provided under the Court's Protective Order.

NOW THEREFORE, subject to the Court's approval, the Parties stipulate as follows (the "Stipulation"):

1. The Administrator shall be bound by the Protective Order and shall be bound by the terms hereof to the same extent as if it were a party hereto, by executing the form attached to this Stipulation as Exhibit A

2. T-Mobile will produce any and all putative class member email addresses in its possession directly to the appointed Administrator and designate the production as "Confidential" pursuant to the Protective Order (the "Confidential Data").

3. The Confidential Data shall be secured by the appointed Administrator to prevent and protect against any unauthorized copying, transmission, transfer, access or viewing of any Confidential Data using commercially reasonable data security measures. T-Mobile may review the Administrator's (including any vendors or affiliates) proposed security plan for the Confidential Data and may make reasonable modifications

to the plan that the Administrator and the Parties will not unreasonably deny. Any breach of this Paragraph 3 shall be considered a material breach of the Stipulation.

4. Access to and use of Confidential Data shall be strictly for the purpose of providing settlement notice to settlement class members in this action. No person who receives access to Confidential Data in this action may use any knowledge gained as a result of reviewing the Confidential Data in any other dispute, proceeding or litigation.

5. The Administrator shall handle the Confidential Data per the requirements of the Protective Order.

6. The Administrator shall be further prohibited from disclosing the Confidential Data to any of the persons in Paragraphs 4.2.1-4.2.3; 4.2.5-4.2.7; 4.3.1, 4.3.3-4.3.5 of the Protective Order; provided however, that the appointed Claims/Notice Administrator may disclose the Confidential Data to any of the persons in Paragraph 4.2.1 if:

    a. Reasonably necessary to assist the appointed Claims/Notice Administrator with providing notice or settlement benefits to certain class members;

    b. Reasonably necessary to evaluate whether notice or settlement benefits were actually provided to certain class members;

    c. Reasonably necessary to respond to class members who communicate with the appointed Claims/Notice Administrator via email;

    d. Otherwise permitted by agreement by the Parties and T-Mobile; or

    e. Otherwise permitted or required by Order of the Court.

7. If the Parties or Administrator learn at any time that Confidential Data may have been improperly viewed by unauthorized parties, they will promptly notify T-Mobile, take reasonable measures to retrieve the improperly disclosed Confidential Data, and cooperate with T-Mobile to investigate and resolve any improper disclosure.

IT IS SO ORDERED.

Dated: July 9, 2018

_____
Honorable Douglas F. McCormick
United States Magistrate Judge

APPROVED AS TO FORM:

Dated: June 21, 2018         PROSKAUER ROSE LLP

By: */s/ Courtney M. Bowman*
　　Courtney M. Bowman
Attorneys for T-MOBILE USA, INC.

Dated: June 21, 2018         JONES DAY

By: */s/ Edward S. Chang*
　　Edward S. Chang
Attorneys for Defendants
EXPERIAN HOLDINGS, INC. and
EXPERIAN INFORMATION
SOLUTIONS,
INC.

Dated: June 21, 2018         ROBINSON CALCAGNIE, INC.

By: */s/ Daniel S. Robinson*
　　Daniel S. Robinson

AHDOOT & WOLFSON, PC

By: */s/ Tina Wolfson*
　　Tina Wolfson

*Interim Co-Lead Counsel for the Class*

1353851.1

## ATTESTATION

Pursuant to Civil Local Rule 5-1, I, L. Daniel S. Robinson attests under penalty of perjury that concurrence in the filing of the within document has been obtained from each signatory.

*/s/ Daniel S. Robinson*
Daniel S. Robinson

# EXHIBIT A
# AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *In Re Experian Data Breach Litigation*, No. SACV 15-1592 AG (DFMx). I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment for contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing this Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____