UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 15-01592 AG (DMFx) | Date | December 3, 2018 |
| Title | IN RE EXPERIAN DATA BREACH LITIGATION | | |

| | | |
|---|---|---|
| Present: The Honorable | ANDREW J. GUILFORD | |
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:** **[IN CHAMBERS] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT (DKT. 286-1)**

The proposed class action settlement ("Settlement") resolves claims regarding a data breach that Defendants Experian Information Solutions, Inc. and Experian Holdings, Inc. (together, "Experian") announced on October 1, 2015. The motion is unopposed. The Court GRANTS Plaintiffs' motion for preliminary approval of derivative settlement. (Dkt. 286-1.)

## 1. BACKGROUND

On October 1, 2015, Experian announced that it "experienced an unauthorized acquisition of information from a server" that affected more than 15 million consumers in the United States. (Mot., 10.) Over 40 complaints were filed across the country, and eventually all cases were transferred and consolidated in this Court. (Dkt. 60.)

Plaintiffs allege that the data breach compromised their personal information, including names, addresses, Social Security numbers, military ID numbers, and passport numbers. Their suits included claims for failing to implement and maintain adequate data security practices to safeguard personally identifiable information (PII), failing to detect the breach in a timely manner, failing to disclose information to Class Members, and failing to provide adequate and timely notice of the breach. (Mot., 11.) Plaintiffs brought claims under the Fair Credit and Reporting Act (FCRA) and 44 different state statutes. (*Id.*)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 15-01592 AG (DMFx) | Date | December 3, 2018 |
|---|---|---|---|
| Title | IN RE EXPERIAN DATA BREACH LITIGATION | | |

The case proceeded through extensive discovery, and Plaintiffs drafted a motion for class certification, which they shared with Defendants' counsel. (*Id.*, 13-14.) Arms-length settlement negotiations began during discovery and continued through multiple mediations and conferences. On January 26, 2018, the parties participated in an all-day settlement conference before Magistrate Judge Jay C. Ghandi and reached an agreement in principal. (Wolfson Decl. ¶ 32.) Since then, the parties have exchanged several drafts of the Settlement Agreement and have negotiated many details of settlement, including notice to the class. (Mot., 14-15.) Class counsel diligently solicited and compared bids from third party administrators and credit monitoring providers to ensure the best deal for the class. (Mot., 15.)

## 2. PROPOSED SETTLEMENT

The total value of the Settlement is likely to exceed $47 million. (Mot. at 8.) This number assumes that at least 0.2% of Class Members make a claim for Credit Monitoring and Insurance Services, though Plaintiffs have provided a chart showing how the amount may change at different claim rates. (Mot., 20-21.) Broken down, the Settlement amount consists of $22 million for the non-reversionary Settlement Fund, $11.7 million for Experian's remedial measures implemented as a result of this lawsuit, and $7,638,738.72 for every 0.1% of Class Members who submit claims to receive Credit Monitoring and Insurance. (*Id.*)

The $22 million Settlement Fund would provide for the following remedies, among others:

- Two years of an enhanced version of Identity Guard's Individual Total Plan for Class Members who submit claims;
- Cash payments for Class Members' documented out-of-pocket costs and time spent due to the Data Breach;
- $2,500 service awards for each class representative; and
- Attorney's fees and costs as approved by the Court, which class counsel agree will not exceed $10.5 million (22% of the minimum estimated Settlement value of about $47,677,500).

The $11.7 million set aside for remedial and enhanced security measures at Experian would fund, among other things:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | SACV 15-01592 AG (DMFx) | Date | December 3, 2018 |
|---|---|---|---|
| Title | IN RE EXPERIAN DATA BREACH LITIGATION | | |

- Implementation of a Security First Program;
- Hiring of 60 additional full-time employees; and
- Heightened encryption throughout Experian's network and user database.

*See* S. Thompson Decl. ¶¶ 8-9; Robinson Decl. ¶¶ 6, 40; Wolfson Decl. ¶¶ 7, 41; Mot. at 16-17.

### 2.1 Settlement Class, Class Counsel and Representatives, and Settlement Administrator

Because the Settlement comes before class certification, it also provides a class definition for settlement purposes and names class representatives, class counsel, and a settlement administrator. Plaintiffs propose the following Settlement Class:

> The 15,922,099 T-Mobile USA customers or applicants who are identified on the Settlement Class List, including Plaintiffs, whose PII was stored on Experian Information Solutions, Inc.'s and Experian Holdings, Inc.'s server that was accessed by an authorized user in the Data Breach. Excluded from the Settlement Class are: (1) the Judges presiding over the Action and members of their families; (2) the Defendants, their subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and their current or former officers, directors, and employees; (3) Persons who properly execute and submit a Request for Exclusion prior to the expiration of the Opt-Out Period; and (4) the successors or assigns of any such excluded Persons.

*See* Settlement Agreement ¶ 47.

Plaintiffs propose naming as class counsel the current interim co-lead class counsel, Tina Wolfson of Ahdoot & Wolfson, PC and Daniel S. Robinson of Robinson Calcagnie, Inc. They propose appointing the 57 plaintiffs listed at Dkt. 286-7, n.1 as class representatives. And they propose naming KCC, LLC the Settlement Administrator.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | SACV 15-01592 AG (DMFx) | Date | December 3, 2018 |
|---|---|---|---|
| Title | IN RE EXPERIAN DATA BREACH LITIGATION | | |

### 2.2 Attorney's Fees and Costs

Attorney's fees were negotiated before Judge Ghandi only after agreement was reached on all material terms of the Settlement. (Wolfson Decl. ¶ 32.) The Settlement provides that class counsel will file a motion for fees and expenses before the Final Fairness Hearing, and that they will seek no more than $10.5 million, or about 22% of the minimum anticipated Settlement amount. (Mot., 23-24.)

## 3. LEGAL STANDARD

Courts may only approve a settlement agreement that is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). Review of a proposed settlement generally involves two separate hearings. Federal Judicial Center, Manual for Complex Litigation, § 21.632 (4th ed. 2004). First the court makes a preliminary fairness evaluation. *Id.* It then holds a final approval hearing, where it "takes a closer look at the proposed settlement, taking into consideration objections and any other further developments in order to make a final fairness determination." *True v. Am. Honda Motor Co.*, 749 F. Supp. 2d 1052, 1062 (C.D. Cal. 2010).

To determine whether a settlement agreement is fair, reasonable, and adequate, courts must consider various factors, including (1) the strength of plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed, and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement. *Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003) (citation omitted). "This is by no means an exhaustive list of relevant considerations." *Officers for Justice v. Civil Serv. Comm'n of City & Cty. of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982). "The relative degree of importance to be attached to any particular factor will depend upon and be dictated by the nature of the claim(s) advanced, the type(s) of relief sought, and the unique facts and circumstances presented by each individual case." *Id.* "It is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness, and the settlement must stand or fall in its entirety." *Staton*, 327 F.3d at 960 (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | SACV 15-01592 AG (DMFx) | Date | December 3, 2018 |
|---|---|---|---|
| Title | IN RE EXPERIAN DATA BREACH LITIGATION | | |

But at the preliminary approval stage, "a court determines whether a proposed settlement is 'within the range of possible approval' and whether or not notice should be sent to class members." *True*, 749 F. Supp. 2d at 1063; *see also* 4 W. Rubenstein, Newberg on Class Actions § 13:10 (5th ed.) (the primary objective a court at the preliminary approval stage is "to establish whether to direct notice of the proposed settlement to the class, invite the class's reaction, and schedule a final fairness hearing.") The "settlement need only be *potentially* fair." *Acosta v. Trans Union, LLC*, 243 F.R.D. 377, 386 (C.D. Cal. 2007) (emphasis in original). If the proposed settlement "appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval," the court should grant preliminary approval of the class and direct notice of the proposed settlement to the class. *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007) (citation omitted).

At any rate, "the decision to approve or reject a settlement is committed to the sound discretion of the trial judge." *Hanlon*, 150 F.3d at 1026. Ultimately, "[s]trong judicial policy favors settlements." *Churchill Vill., LLC. v. Gen. Elec.*, 361 F.3d 566, 576 (9th Cir. 2004) (omission and quotation marks omitted) (quoting *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992).

**4. Whether Settlement is Within Range of Possible Approval**

   **4.1  Class Certification for Settlement Purposes**

Considering the factors from Federal Rule of Civil Procedure 23(a), the Court finds the class is indeed sufficiently large, consisting of over 15,922,000 people. (FRCP 23(a)(1)). And there are common questions of law and fact, including Experian's data security practices before the data breach, the facts of the breach itself, duty to class members to keep PII secure, and whether Experian breached that duty. (Mot. 286-1, 27; FRCP 23(a)(2).)

The claims of the class representatives are also typical of the class. (FRCP 23(a)(3)). The typicality requirement of Rule 23 is satisfied if the claim of the named representative arises "from the same course of conduct that gives rise to the claims of unnamed Class Members to bring individual actions. *Thomas v. Baca*, 231 F.R.D. 397, 401 (C.D. Cal. 2005); *Hanlon*, 150

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | SACV 15-01592 AG (DMFx) | Date | December 3, 2018 |
|---|---|---|---|
| Title | IN RE EXPERIAN DATA BREACH LITIGATION | | |

F.3d at 1020 (describing standard for typicality as permissive; claims typical if "reasonably co-extensive with those of absent Class Members" although "they need not be substantially identical."). "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other Class Members have been injured by the same course of conduct." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 984 (9th Cir. 2011) (internal quotation marks and citation omitted). Here, the claims of the named Plaintiffs are typical of the claims of the Settlement Class. Plaintiffs' and Class Members' claims arise from the same nucleus of facts and are based on the same legal theory: that Experian's inadequate data security resulted in unauthorized parties acquiring Plaintiffs' and Class Members' PII.

The Court also finds that Plaintiffs and class counsel are adequate. (FRCP 23(a)(4)). There are no apparent conflicts of interest between the class representatives and absent class members. *See General Tel. Co. v. Falcon,* 457 U.S. 147, 157-58, fn. 13 (1982). And each of the class representatives supplied declarations stating their involvement in this case, communication with counsel, provision of valuable facts and insights, and participation in discovery. (Wolfson Decl. Ex. 2.) Regarding class counsel, the Court finds they are qualified and experienced in conducting class action litigation, especially cases involving consumer protection. (*See* Wolfson Decl. ¶¶ 5-6, 16-36; Robinson Decl. ¶¶ 4-5, 15-35.)

Finally, the settlement class meets the requirements of Rule 23(b)(3) because common issues of law and fact predominate. "Common questions that yield common answers" and are "apt to drive the resolution of this case" predominate over any individual issues. *Dukes*, 564 U.S. at 345. Plaintiffs' claims would be resolved if certain common issues of law and fact are resolved, including whether Experian's data security practices were sufficient to protect plaintiffs' data and whether Experian owed plaintiffs a duty to protect their PII. And these issues are common to all class members, as they focus on Experian's class-wide data security policies and practices and would be proved with common evidence.

### 4.2 *Staton* Fairness Factors

Application of the Ninth Circuit's multi-factor test for settlement approval supports approval of this Settlement. *See Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003). This case involves an enormous class and major litigation costs. Settlement at this stage prevents litigation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 15-01592 AG (DMFx) | Date | December 3, 2018 |
|---|---|---|---|
| Title | IN RE EXPERIAN DATA BREACH LITIGATION | | |

regarding class certification and summary judgment and saves the expense of expert reports and further depositions. Also, extensive discovery has been taken in this case, including depositions of Experian employees, document review, and verified responses by Experian. (Mot., 36.) Counsel have a clear view of the strengths and weaknesses of the case and are positioned to judge its potential value.

Regarding the Settlement amount including fees, it is in line with or superior to other recent data breach settlements. *See, e.g., In re In re Anthem, Inc. Data Breach Litigation*, No. 5:15-MD-02617-LHK (N.D. Cal. 2017) ($110 million settlement fund, including $37.95 million in attorney fees (reduced to $31.05 million), for 78.8 million Anthem insureds).

Finally, the proposed notice describes the terms of the Settlement, including the fee award, the claims being released, the estimated amount, and the opportunity to appear at the hearing. (It must be updated after this order to provide the hearing date, time, and place.) And the notice program is consistent with or exceeds the requirements of FRCP 23(c)(2)(B). It is possible, however, that it may be made clearer and more accessible.

Both parties endorse this Settlement, which was reached after extensive arms-length negotiations and with the assistance of Magistrate Judge Ghandi. The Court finds it is 'within the range of possible approval' and that notice should be sent to class members." *True*, 749 F. Supp. 2d at 1063.

## 5. DISPOSITION

The Court GRANTS Plaintiff's unopposed motion for preliminary approval of the class action Settlement, following discussion at the December 3 hearing. (Dkt. 286-1). The Court CERTIFIES the proposed class for Settlement and approves the class representatives, class administrator, and class counsel described in Section 2.1 above.

A Final Fairness Hearing will take place on **May 6, 2019** at **10:00 a.m.**. The Court APPROVES the proposed settlement deadlines and schedule provided at Docket 286-1, page 40.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 15-01592 AG (DMFx) | Date | December 3, 2018 |
|---|---|---|---|
| Title | IN RE EXPERIAN DATA BREACH LITIGATION | | |

The Court APPROVES the proposed Notice of Experian Data Breach Class Action Settlement ("Long Form Notice"), Summary Notice, and Claim Form submitted as Exhibits A, C, and E to the Settlement Agreement. The Court ORDERS that a copy of the Summary Notice will be mailed to all members of the class who have been identified by Defendants through their records. The mailing must be made by first class U.S. mail, postage prepaid, within 35 calendar days of the settlement administrator's receiving the Settlement Class List. Defendants must provide that list to the settlement administrator within 7 days of this order. The settlement administrator shall also cause copies of the Settlement, Long Form Notice, Summary Notice, and Claim Form to be posted on a settlement website.

All proceedings in this action are STAYED until further order from the Court, except as necessary to implement the Settlement.

| | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |