JS-6

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| IN RE EXPERIAN DATA BREACH LITIGATION | Case No. 8:15-cv-01592 AG (DFMx) |
| | Hon. Andrew J. Guilford |
| | **FINAL JUDGMENT** |

# FINAL JUDGMENT

1.      This Judgment incorporates the definitions in the Settlement Agreement and Release entered in this action ("Settlement," Dkt. 285) and follows the Court's Order granting final approval to that Settlement ("Final Approval Order," Dkt. 322).

2.      All Parties to this Action, and all Settlement Class Members, are bound by the Settlement and this Judgment.  Excluded Persons identified in Exhibit 1 are no longer parties to this Action, are not members of the Settlement Class, and are not bound by the Settlement or this Judgment.

3.      Judgment shall be, and hereby is, entered dismissing the Action with prejudice, on the merits, without costs to any party except as provided in the Final Approval Order.

4.      The Class Representatives,[1] all Settlement Class Members, and each of their respective spouses, children, heirs, associates, co-owners, attorneys, agents, administrators, executors, devisees, predecessors, successors, assignees, representatives of any kind, shareholders, partners, directors, employees or affiliates (collectively, "Releasing Parties"), have released the Defendants and each of the Released Parties[2] from any and all claims or causes of action of every kind and

---

[1] Class Representatives include Stephen Allen, Richard Parks, Ryan Hamre, Joshua Gonzales, Gwendolyn Crump, Elleen Brazzle, Melissa Merry, Francisco Ojeda, Nora Bohannon, Gregary and Kashia Johnson, David Ciano, Bradford Daghita, Alison Cochran, Alice Dunscomb, Samantha Manganaris, Veronica Gillotte, David Brown, Stuart Zimmelman, Chris Shearer, Christiaan Mealey, Gregory Hertik, Allan Sommercorn, Kamil Kuklinski, Charles Yoo, Sergey Barbashov, Kathleen Alcorn, Mary Roberts, Tony George, Ryan Heitz, Gerardus Jansen, Lorenzo Jackson, Eban Liebig, Angelia Fennern, Charles Sallade, Cregan Smith, Giovanni Williams, Dipak Bhuta, Joseph Zubrzycki, Lucio Hernandez, Shivan Bassaw, Jennifer Looney, Darius Clark, Hunter Graham, Philip Popiel, John Reiser, Jennifer Brandabur, Perry Heath, David Lumb, Martha Cebrian-Vega, Mark and Daisy Hodson, Amjed Ababseh, Martha Schroeder, Jason Shafer, Nathanial Apan, and Jeffrey Gutschmidt.

[2] As defined in the Settlement, "Released Parties" includes Defendants Experian Information Solutions, Inc. and Experian Holdings, Inc., and their respective predecessors, successors, assigns, parents, subsidiaries, divisions, affiliates, departments, and any and all of their past, present, and future officers, directors, employees, stockholders, partners, servants, agents, successors, attorneys,

description arising out of or related to the Data Breach, including any causes of action in law, claims in equity, complaints, suits or petitions, and any allegations of wrongdoing, demands for legal, equitable or administrative relief (including, but not limited to, any claims for injunction, rescission, reformation, restitution, disgorgement, constructive trust, declaratory relief, compensatory damages, consequential damages, penalties, exemplary damages, punitive damages, attorneys' fees, costs, interest or expenses) that the Releasing Parties had or have (including, but not limited to, assigned claims and any and all "Unknown Claims" as defined below) that have been or could have been asserted in the Action or in any other action or proceeding before any court, arbitrator(s), tribunal or administrative body (including, but not limited to, any state, local or federal regulatory body), regardless of whether the claims or causes of action are based on federal, state, or local law, statute, ordinance, regulation, contract, common law, or any other source, and regardless of whether they are known or unknown, foreseen or unforeseen, suspected or unsuspected, or fixed or contingent ("Released Claims"). "Unknown Claims" means claims that could have been raised in the Action and that Plaintiffs, any member of the Settlement Class or any Releasing Party, do not know or suspect to exist, which, if known by him, her or it, might affect his, her or its agreement to release the Released Parties or the Released Claims or might affect his, her or its decision to agree, object or not to object to the Settlement. Upon the Effective Date, Plaintiffs, the Settlement Class, and any Releasing Party shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code.

5.     The Class Representatives and all Settlement Class Members are hereby barred and permanently enjoined from instituting, asserting or prosecuting any or all of the Released Claims against any of the Released Parties.

_____

representatives, insurers, reinsurers, subrogees, and assigns of any of the foregoing, as well as Plaintiffs and Class Counsel.

6. For the reasons set forth in the Final Approval Order, Class Counsel are awarded attorneys' fees in the amount of $10.5 million, and reimbursement of Litigation Costs in the amount of $152,854.28, such amounts to be paid from out of the Settlement Fund in accordance with the terms of the Settlement. Of the Settlement Fund, $2,500 may be paid to each of the Class Representatives as a Service Award.

7. The Court hereby retains and reserves jurisdiction over: (a) implementation of this Settlement and any distributions from the Settlement Fund; (b) the Action, until the Effective Date and until each and every act agreed to be performed by the Parties shall have been performed pursuant to the terms and conditions of the Settlement Agreement, including the exhibits appended thereto; and (c) all Parties, for the purpose of enforcing and administering the Settlement Agreement and the Settlement.

Date: May 29, 2019

_____

Andrew J. Guilford
United States District Judge

**FINAL JUDGMENT**