Tina Wolfson, CA Bar No. 174806
twolfson@ahdootwolfson.com
Theodore Maya, CA Bar No. 223242
tmaya@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
10278 Lindbrook Drive
Los Angeles, CA 90024
Telephone: (310) 474-9111
Fax: (310) 474-8585

Daniel S. Robinson, CA Bar No. 244245
drobinson@robinsonfirm.com
**ROBINSON CALCAGNIE, INC.**
19 Corporate Plaza Dr.
Newport Beach, CA 92660
Telephone: (949) 720-1288
Fax: (949) 720-1292

*Class Counsel*
(Additional Counsel on Signature Page)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **IN RE EXPERIAN DATA BREACH LITIGATION** | Case No. 8:15-cv-01592 AG (DFMx)<br><br>Hon. Andrew J. Guilford<br><br>**STIPULATION REQUESTING APPROVAL OF PAYMENT TO OBJECTOR PURSUANT TO FRCP RULE 23(e)(5)(B)** |

---

**STIPULATION RE: FRCP RULE 23(e)(5)(B)**
1

WHEREAS, Troy Kenneth Scheffler and his counsel ("Objectors") filed certain objections to the Settlement approved by the Court (*see, e.g.*, ECF 307, 308-6, 311) ("Objection").

WHEREAS, upon consideration of Class Counsel's responses to the Objection (ECF 309), the Court's rulings finally approving the Settlement (ECF 322, 329), and conferences with Class Counsel, Objectors have concluded and agree that notwithstanding the Objection, the Settlement is in the best interest of the Settlement Class, the Court's rulings in approving the Settlement are correct and without error, and that the Settlement should be implemented in accordance with the Court's order finally approving the Settlement.

WHEREAS, Objectors have withdrawn the Objection.

WHEREAS, the Parties agree that the Objection assisted in framing the issues for consideration by the Court in connection with settlement approval under Fed. Rule Civ. Pro. 23(e).

WHEREAS, pursuant to the Agreement attached hereto as Exhibit 1 ("Objector Agreement"), Class Counsel have agreed to reimburse the Objectors for their attorneys' fees and expenses by reason of their participation in the settlement approval process in an amount up to $10,000, subject to Court approval (to be paid from the Court's award of attorneys' fees awarded Class Counsel and the Plaintiffs' Steering Committee in this matter).

WHEREAS, all provisions of the Objector Agreement are consistent with the terms of the Settlement approved by the Court and do not in any way change any of its terms and conditions, or affect, reduce or limit the relief available to the Class therein. Nothing in the Objector Agreement affects the Judgment and Orders issued in the Litigation, the Settlement Agreement, and any finding that the Settlement is fair, reasonable and adequate.

**STIPULATION RE: FRCP RULE 23(e)(5)(B)**

NOW THEREFORE, subject to the Court's approval, the parties stipulate as follows:

1.    Class Counsel shall pay Objectors the amount of $10,000 as reimbursement of their attorneys' fees and expenses pursuant to the terms and conditions of the Objector Agreement and the Court's approval.

2.    The Parties hereby respectfully request approval of this payment pursuant to FRCP Rule 23(e)(5)(B).


Dated:  June 15, 2019                    PETER J. NICKITAS LAW OFFICES, LLC

                                        By: */s/ Peter J. Nickitas*
                                              Peter J. Nickitas
                                        Attorneys for Objector
                                        TROY KENNETH SCHEFFLER


Dated:  June 15, 2019                    ROBINSON CALCAGNIE, INC.

                                        By: */s/ Daniel S. Robinson*
                                              Daniel S. Robinson


                                        AHDOOT & WOLFSON, PC

                                        By: */s/ Tina Wolfson*
                                              Tina Wolfson


                                        *Class Counsel*

1

## ATTESTATION

2

 Pursuant to Civil Local Rule 5-1, I, L. Daniel S. Robinson attests under penalty of

3

perjury that concurrence in the filing of the within document has been obtained from each

4

signatory.

5

6

       */s/ Daniel S. Robinson* _____
       Daniel S. Robinson

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

**STIPULATION RE: FRCP RULE 23(e)(5)(B)**

# EXHIBIT 1

## AGREEMENT RE: OBJECTION OF T.K. SCHEFFLER

This Agreement ("Agreement") is made and entered into this 15th day of June 2019, by and between (i) Troy Kenneth Scheffler ("TKS"), Peter J. Nickitas ("PJN"), and Peter J. Nickitas Law Office, LLC ("PJN-LLC") (collectively, "Objectors"), on the one hand, and (ii) Robinson Calcagnie, Inc. and Ahdoot & Wolfson, PC (collectively, "Class Counsel"), on the other hand, with respect to an objection interposed by Objectors against the Settlement filed in *In Re Experian Data Breach Litigation*, Case No. 8:15-cv-01592-AG-DF (the "Litigation").

Unless otherwise defined herein, all capitalized words, phrases or terms set forth herein shall have the meaning set forth in the Class Action Settlement Agreement and Release filed in the Litigation on November 12, 2018 (ECF 285). Objectors and Class Counsel shall be collectively referred to as the "Parties" and separately referred to as a "Party".

### 1.    RECITALS

1.1    WHEREAS, the Objectors filed certain objections to the Settlement (*see, e.g.*, ECF 307, 308-6, 311) (collectively, the "Objection").

1.2    WHEREAS, Plaintiffs filed a Motion for Final Approval of Class Action Settlement, wherein they argued that the Objection lacked merit (ECF 309).

1.3    WHEREAS, the Court finally approved the Settlement and overruled the Objection (ECF 322) and entered a Final Judgment (ECF 329).

1.4    WHEREAS, upon consideration of Class Counsel's responses to the objections, the Court's rulings with respect to the Settlement, and conferences with Class Counsel, Objectors have concluded and agree that notwithstanding the Objection, the Settlement is in the best interest of the Settlement Class, the Court's rulings in approving the Settlement are correct and without error, and that the Settlement should be implemented in accordance with the Court's order finally approving the Settlement.

1.5    WHEREAS, the Parties agree that the Objection assisted in framing the issues for consideration by the Court in connection with settlement approval under Fed. Rule Civ. Pro. 23(e).

1.6    WHEREAS, Class Counsel agree to reimburse the Objectors for their attorneys' fees and expenses by reason of their participation in the settlement approval process, subject to (i) Court approval pursuant to the Fed. Rule Civ. Pro. 23(e)(5)(B) and (ii) all of the terms and conditions of this Agreement.

NOW, THEREFORE in consideration of the mutual obligations and agreements contained herein, and for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

2.    **WITHDRAWAL OF OBJECTION AND REIMBURSEMENT OF ATTORNEYS' FEES AND COSTS**

2.1    Objectors agree to withdraw the Objection. Simultaneous with the execution of this Agreement, Objectors shall fully execute the Withdrawal of the Objection attached hereto as Exhibit A (the "Withdrawal") and deliver the executed Withdrawal to Class Counsel.

2.2    Objectors agree not to (i) further object to the Settlement, any Judgment, or Orders issued in the Litigation, (ii) file any appeal in relation to the Litigation, the Settlement, and any Judgment or Orders issued in the Litigation, and (iii) in any way prevent or delay the Effective Date of the Settlement or cooperate with any other person in doing so. TKS shall retain the right, and nothing herein shall limit TKS's right, to participate as a Settlement Class Member in the Settlement and obtain the relief outlined therein subject to the terms and conditions of the Settlement

2.3    The Parties shall seek approval from the Court for reimbursement of Objectors' attorneys' fees and expenses in the amount of ten thousand dollars and no cents ($10,000) (the "Reimbursement"), by filing a Stipulation and Proposed Order Requesting Approval of Payment to Objector Pursuant to FRCP Rule 23(e)(5)(B) in the form attached as Exhibit B (the "Stipulation"). Simultaneous with the execution of this Agreement, Objectors agree to fully execute the Stipulation and deliver the executed Stipulation to Class Counsel.

2.4    The Withdrawal and Stipulation will be filed at the same time by Class Counsel at such a time as Class Counsel shall determine, but no later than July 5, 2019.

2.5    Class Counsel shall pay the Reimbursement within 5 business days after the occurrence of all of the following: (i) Court approval of the Reimbursement, (ii) the Withdrawal attached hereto as Exhibit A is executed and filed in the Litigation, (iii) receipt by Class Counsel of the Fee Award and Costs, and (iv) receipt by Class Counsel and the Settlement Administrator of a properly completed and duly executed IRS Form W-9 from Peter J. Nickitas Law Office, LLC. The Reimbursement shall be made in the form of a check made payable to Peter J. Nickitas Law Office, LLC and delivered to attn.: Peter J. Nickitas, Peter J. Nickitas Law Office, LLC, 437 S. 7th Street, Suite 2446, Minneapolis, Minnesota 55415.

2.6    Class Counsel shall have no obligation to pay the Reimbursement unless and until (i) Class Counsel receives the Fee and Costs Award, (ii) the Court approves the payment of the Reimbursement, (iii) the Withdrawal attached hereto as Exhibit A is executed and filed in the Litigation, and (iv) Objectors fully comply with the terms and conditions of this Agreement. The Reimbursement amount to be paid by Class Counsel shall be equal to the amount approved by the Court, but in no event, shall exceed ten thousand dollars and no cents ($10,000). Objectors agree that Class Counsel will have no further obligations to Objectors under this Agreement, or otherwise, once the Reimbursement payment is paid pursuant to the terms and conditions of this Agreement.

### 3.    REPRESENTATIONS AND WARRANTIES

3.1    The Parties represent and warrant that each signatory to this Agreement expressly warrants to the other Party that he, she or it has the authority to execute this Agreement on behalf of the party or parties to be bound by his, her or its signature, and on behalf of each and every principal or other owner of a legal, equitable or beneficial interest in such party or parties.

3.2    Each Party to this Agreement has made such investigation of the facts pertaining to the Settlement and this Agreement and of all matters pertaining thereto as he, she or it has independently deemed necessary and appropriate. Each Party has read this Agreement and understands its contents.

3.3    Objectors represent and warrant that (i) they, and each of them, has received independent legal advice from their attorney(s) with respect to the advisability of entering into this Agreement, and (ii) the total amount of the lodestar (total number of attorney time expended times billing rate) of and expenses they have incurred with respect to the Litigation, including the Objection, is at least ten thousand dollars and no cents ($10,000).

### 4.    GENERAL PROVISIONS

4.1    In entering into this Agreement, Objectors acknowledge that after further research and analysis of the authorities cited in the Motion for Final Approval filed in the Action, the response to the Objection contained therein, the Court's Orders and Opinions regarding final approval, and following conference with Class Counsel discussing the authorities and arguments supporting the Settlement and the relative merits of the Objection in light of those authorities, that the Objection should be withdrawn, and the Settlement is in the best interest of the Settlement Class and should be implemented according to its terms.

4.2    If the Court requests additional briefing in connection with this Agreement, Class Counsel will be responsible for such briefing. Objectors shall employ best efforts to cooperate with Class Counsel to draft and prepare any such additional briefing. Except as otherwise expressly directed by the Court, Objectors shall not submit any briefing or other material to the Court without Class Counsel's prior approval in writing.

4.3    The parties agree that all provisions of the Agreement are consistent with the terms of the Settlement and do not in any way change any of its terms and conditions, or affect, reduce or limit the relief available to the Class therein. Nothing in this Agreement effects the Judgment and Orders issued in the Litigation, the Settlement Agreement, and any finding that the Settlement is fair, reasonable and adequate.

4.4    This Agreement is the entire agreement between the Parties with respect to the subject matter hereof and supersedes all prior and contemporaneous oral and written agreements and discussions. Nothing in this provision shall be read to limit the scope, rights or obligations of the Parties under the Stipulation of Settlement. This Agreement may not be amended orally in any way and may be amended only by an agreement in writing signed by all Parties hereto.

4.5    Each Party has participated, cooperated or contributed to the drafting and preparation of this Agreement. In any construction to be made of this Agreement, the same shall not be construed for or against any Party, but shall be construed fairly according to its plain meaning.

4.6     This Agreement may be executed in counterparts and when each Party has signed and delivered at least one counterpart, each counterpart shall be deemed an original and, when taken together with other signed counterparts, shall constitute one agreement which shall be binding and effective as to all Parties.

4.7     This Agreement, to the extent signed and delivered by means of a facsimile machine, E-mail, or PDF, shall be treated in all manner and respects as an original agreement or instrument and shall be considered to have the same binding legal effect as if it were the original signed version thereof delivered in person.  No Party hereto shall raise the use of a facsimile machine, E-Mail, or PDF to deliver a signature or the fact that any signature or agreement or instrument was transmitted or communicated through the use of these means as a defense to the formation of a contract and each such Party forever waives any such defense.

4.8     Time is of the essence in this Agreement.  All terms set forth herein are material.  This Agreement is binding upon and shall inure to the benefit of all Parties hereto, their agents, representatives, insurers, attorneys, accountants, advisors, partners, heirs, assigns, and successors and predecessors in interest.

       **I have read the foregoing Agreement and I understand its contents.  I have reviewed the entire document with my attorney and, understanding its terms and conditions, agree to abide by it.**

**OBJECTORS**

TROY KENNETH SCHEFFLER

PETER J. NICKITAS, on his own behalf, and
on behalf of PETER J. NICKITAS LAW OFFICE, LLC

**CLASS COUNSEL**

ROBINSON CALCAGNIE, INC.

_____

DANIEL ROBINSON

AHDOOT & WOLFSON, PC

_____

ROBERT AHDOOT

4.6    This Agreement may be executed in counterparts and when each Party has signed and delivered at least one counterpart, each counterpart shall be deemed an original and, when taken together with other signed counterparts, shall constitute one agreement which shall be binding and effective as to all Parties.

4.7    This Agreement, to the extent signed and delivered by means of a facsimile machine, E-mail, or PDF, shall be treated in all manner and respects as an original agreement or instrument and shall be considered to have the same binding legal effect as if it were the original signed version thereof delivered in person. No Party hereto shall raise the use of a facsimile machine, E-Mail, or PDF to deliver a signature or the fact that any signature or agreement or instrument was transmitted or communicated through the use of these means as a defense to the formation of a contract and each such Party forever waives any such defense.

4.8    Time is of the essence in this Agreement. All terms set forth herein are material. This Agreement is binding upon and shall inure to the benefit of all Parties hereto, their agents, representatives, insurers, attorneys, accountants, advisors, partners, heirs, assigns, and successors and predecessors in interest.

**I have read the foregoing Agreement and I understand its contents. I have reviewed the entire document with my attorney and, understanding its terms and conditions, agree to abide by it.**

OBJECTORS

TROY KENNETH SCHEFFLER

PETER J. NICKITAS, on his own behalf, and
on behalf of PETER J. NICKITAS LAW OFFICE, LLC

CLASS COUNSEL

ROBINSON CALCAGNIE, INC.

DANIEL ROBINSON

AHDOOT & WOLFSON, PC

_____

ROBERT AHDOOT

4.6     This Agreement may be executed in counterparts and when each Party has signed and delivered at least one counterpart, each counterpart shall be deemed an original and, when taken together with other signed counterparts, shall constitute one agreement which shall be binding and effective as to all Parties.

4.7     This Agreement, to the extent signed and delivered by means of a facsimile machine, E-mail, or PDF, shall be treated in all manner and respects as an original agreement or instrument and shall be considered to have the same binding legal effect as if it were the original signed version thereof delivered in person.  No Party hereto shall raise the use of a facsimile machine, E-Mail, or PDF to deliver a signature or the fact that any signature or agreement or instrument was transmitted or communicated through the use of these means as a defense to the formation of a contract and each such Party forever waives any such defense.

4.8     Time is of the essence in this Agreement.  All terms set forth herein are material.  This Agreement is binding upon and shall inure to the benefit of all Parties hereto, their agents, representatives, insurers, attorneys, accountants, advisors, partners, heirs, assigns, and successors and predecessors in interest.

**I have read the foregoing Agreement and I understand its contents. I have reviewed the entire document with my attorney and, understanding its terms and conditions, agree to abide by it.**

**OBJECTORS**


_____
TROY KENNETH SCHEFFLER


_____
PETER J. NICKITAS, on his own behalf, and
on behalf of PETER J. NICKITAS LAW OFFICE, LLC

**CLASS COUNSEL**

ROBINSON CALCAGNIE, INC.


_____
DANIEL ROBINSON

AHDOOT & WOLFSON, PC

_____
ROBERT AHDOOT


**AGREEMENT RE OBJECTION OF T.K. SCHEFFLER**
**Page 4 of 4**

# EXHIBIT A

1   Peter J. Nickitas (Admitted *Pro Hac Vice*)
2   peterjnickitaslawllc@gmail.com
    **PETER J. NICKITAS LAW OFFICES, LLC**
3   431 S. 7th Street, Suite 2446
4   Minneapolis, Minnesota 55415-1854
    Tel: (651) 238-3445
5   Fax: (888) 389-7890
6
    *Attorneys for Objector*,
7   Troy Kenneth Scheffler
8
9               **UNITED STATES DISTRICT COURT**
10              **CENTRAL DISTRICT OF CALIFORNIA**
11                   **SOUTHERN DIVISION**
12
13  **IN RE EXPERIAN DATA BREACH**          Case No. 8:15-cv-01592 AG (DFMx)
    **LITIGATION**
14                                          Hon. Andrew J. Guilford
15
16                                          **WITHDRAWAL OF OBJECTION**
                                            **OF TROY KENNEITH**
17                                          **SCHEFFLER**
18
19
20
21
22
23
24
25
26
27
28
                        **WITHDRAWAL OF OBJECTION**
                                    1

TO THE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Troy Kenneth Scheffler ("TKS"), by and through undersigned counsel, hereby withdraws his objection (*see e.g.*, ECF 307, 308-6, 311) to the finally approved settlement filed in this Action.

Having further considered the Motion for Final Approval (ECF 309), the arguments of counsel in response to the objection and the Court's ruling finally approving the Settlement and overruling the objection (ECF 322), and after conferring with Class Counsel, TKS has concluded that the Settlement is in the best interests of the class and should proceed in accordance with the final approval order. TKS therefore withdraws all of his objections to the Settlement.

This pleading stipulation is intended to effectuate such withdrawal and will in no way affect the Settlement or the relief to the Settlement Class.

Dated:  June 15, 2019                    PETER J. NICKITAS LAW OFFICES, LLC

By: */s/ Peter J. Nickitas*
        Peter J. Nickitas
Attorneys for Objector
TROY KENNETH SCHEFFLER

**WITHDRAWAL OF OBJECTION**
2

## ATTESTATION

Pursuant to Civil Local Rule 5-1, I, L. Daniel S. Robinson attests under penalty of perjury that concurrence in the filing of the within document has been obtained from each signatory.

/s/ *Daniel S. Robinson* _____
Daniel S. Robinson

**EXHIBIT B**

Tina Wolfson, CA Bar No. 174806
twolfson@ahdootwolfson.com
Theodore Maya, CA Bar No. 223242
tmaya@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
10278 Lindbrook Drive
Los Angeles, CA 90024
Telephone: (310) 474-9111
Fax: (310) 474-8585

Daniel S. Robinson, CA Bar No. 244245
drobinson@robinsonfirm.com
**ROBINSON CALCAGNIE, INC.**
19 Corporate Plaza Dr.
Newport Beach, CA 92660
Telephone: (949) 720-1288
Fax: (949) 720-1292

*Class Counsel*
(Additional Counsel on Signature Page)

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| **IN RE EXPERIAN DATA BREACH LITIGATION** | Case No. 8:15-cv-01592 AG (DFMx) <br><br> Hon. Andrew J. Guilford <br><br> **STIPULATION REQUESTING APPROVAL OF PAYMENT TO OBJECTOR PURSUANT TO FRCP RULE 23(e)(5)(B)** |

**STIPULATION RE: FRCP RULE 23(e)(5)(B)**
1

WHEREAS, Troy Kenneth Scheffler and his counsel ("Objectors") filed certain objections to the Settlement approved by the Court (*see, e.g.*, ECF 307, 308-6, 311) ("Objection").

WHEREAS, upon consideration of Class Counsel's responses to the Objection (ECF 309), the Court's rulings finally approving the Settlement (ECF 322, 329), and conferences with Class Counsel, Objectors have concluded and agree that notwithstanding the Objection, the Settlement is in the best interest of the Settlement Class, the Court's rulings in approving the Settlement are correct and without error, and that the Settlement should be implemented in accordance with the Court's order finally approving the Settlement.

WHEREAS, Objectors have withdrawn the Objection.

WHEREAS, the Parties agree that the Objection assisted in framing the issues for consideration by the Court in connection with settlement approval under Fed. Rule Civ. Pro. 23(e).

WHEREAS, pursuant to the Agreement attached hereto as Exhibit 1 ("Objector Agreement"), Class Counsel have agreed to reimburse the Objectors for their attorneys' fees and expenses by reason of their participation in the settlement approval process in an amount up to $10,000, subject to Court approval (to be paid from the Court's award of attorneys' fees awarded Class Counsel and the Plaintiffs' Steering Committee in this matter).

WHEREAS, all provisions of the Objector Agreement are consistent with the terms of the Settlement approved by the Court and do not in any way change any of its terms and conditions, or affect, reduce or limit the relief available to the Class therein. Nothing in the Objector Agreement affects the Judgment and Orders issued in the Litigation, the Settlement Agreement, and any finding that the Settlement is fair, reasonable and adequate.

**STIPULATION RE: FRCP RULE 23(e)(5)(B)**

NOW THEREFORE, subject to the Court's approval, the parties stipulate as follows:

1.      Class Counsel shall pay Objectors the amount of $10,000 as reimbursement of their attorneys' fees and expenses pursuant to the terms and conditions of the Objector Agreement and the Court's approval.

2.      The Parties hereby respectfully request approval of this payment pursuant to FRCP Rule 23(e)(5)(B).


Dated:  June 15, 2019                PETER J. NICKITAS LAW OFFICES, LLC

                                     By: */s/ Peter J. Nickitas*
                                             Peter J. Nickitas
                                     Attorneys for Objector
                                     TROY KENNETH SCHEFFLER


Dated:  June 15, 2019                ROBINSON CALCAGNIE, INC.

                                     By: */s/ Daniel S. Robinson*
                                             Daniel S. Robinson


                                     AHDOOT & WOLFSON, PC

                                     By: */s/ Tina Wolfson*
                                             Tina Wolfson


                                     *Class Counsel*

1

2

## ATTESTATION

Pursuant to Civil Local Rule 5-1, I, L. Daniel S. Robinson attests under penalty of perjury that concurrence in the filing of the within document has been obtained from each signatory.

*/s/ Daniel S. Robinson* _____
Daniel S. Robinson

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

**STIPULATION RE: FRCP RULE 23(e)(5)(B)**

1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| **IN RE EXPERIAN DATA BREACH LITIGATION** | Case No. 8:15-cv-01592 AG (DFMx) |
| | Hon. Andrew J. Guilford |
| | **[PROPOSED] ORDER APPROVING PAYMENT TO OBJECTOR PURSUANT TO FRCP RULE 23(e)(5)(B)** |

**[PROPOSED] ORDER APPROVING PAYMENT PURSUANT TO RULE 23(e)(5)(B)**

# [PROPOSED] ORDER

The stipulated request, pursuant to FRCP Rule 23(e)(5)(B), for a payment in the amount of $10,000 to Objector Troy Kenneth Scheffler and his counsel, Peter J. Nickitas, pursuant to the terms and conditions of the Agreement attached to the Stipulation, is GRANTED.

**IT IS SO ORDERED.**

Dated: _____

_____
HON. ANDREW J. GUILFORD

[PROPOSED] ORDER APPROVING PAYMENT PURSUANT TO RULE 23(e)(5)(B)